## OLIVER vs. THE STATE.

A constable in the execution of civil process, is not restricted to the township in which he resides: and it is sufficient in an indictment for resisting process in the hands of a constable, that it state that the resistance was made in the county where he resides.

An indictment for resisting an officer in the execution of process is sufficient if the charge be made in the language of the statute (*Digest, page* 359,) without stating the manner of resistance.

As to the necessary averments of an indictment descriptive of the offence charged, see the case of *Slicker vs. The State*, 13 *Ark.* 397.

We have no law authorizing the court to sit as a jury in the trial of a criminal case (*Wilson vs. The State*, 16 *Ark.; Bond vs. State*, at the present term.)

In an indictment for resisting process, the justice, who issued the process, is a competent witness to prove his own official character.

On the trial of an indictment for resisting process of execution, upon which the officer has made return of "no property found," it is not contradictory of the return—in the sense in which the truth of a return of an officer is not permitted to be disputed—to prove acts of the defendant preventing the levy of the execution.

The defendant may well prove, in such case, that the property upon which the officer attempted to make the levy, being in his possession, was his own, and not the property of the defendant in the execution.

*Appeal from Scott Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

FOWLER & STILLWELL, for the appellant.

JORDAN, Attorney General, contra.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Oliver was indicted in the Circuit Court of Scott county, as follows:

The grand jurors, &c., &c., present that Richmond Oliver, on

the 10th day of February, A. D., 1855, in the county of Scott aforesaid, did, then and there, knowingly and wilfully resist Hiram Glover, who was then and there the constable of Washburn Township in the county aforesaid, in the attempt to execute a certain execution issued by Robert N. Smith, an acting justice of the peace, within and for the township and county aforesaid, in favor of Stephen H. Chism against James Hays, against the peace and dignity," &c.

The defendant moved to quash the indictment, and the motion being overruled, he rested thereon, and refusing to plead further, the court directed the plea of not guilty to be entered for him. Neither party requiring a jury, the cause was submitted to the court sitting as such, and the court found the defendant guilty upon the evidence, assessed his fine at fifty dollars, and rendered judgment accordingly. The defendant moved in arrest of judgment, which was overruled, and he appealed to this court.

The first objection taken to the indictment is, that it does not charge that the process was resisted within the township of which Glover was constable.

This was not necessary, because a constable, it seems, is not restricted to the limits of his own township in executing civil process. See *Digest, chap. 35, secs.* 26, 27, 31, *chap. 95, part 2, secs.* 16, 17, 145, 146.

The fourth objection is, that the manner of resistance was not charged.

This was unnecessary. It is sufficient to charge, in the language of the statute (*Digest, chap.* 51, *part 7, art. 4, sec. 2, page* 359,) that the defendant resisted the officer in the execution of the process. The particular mode of resistance or obstruction is properly a matter of evidence. *U. S. vs. Bachelder*, 2 *Gallison Rep.* 14; *McQuid vs. The People*, 3 *Gilman's Rep.* 76.

The other objections taken to the indictment, are answered by the decision of this court, in the case of *Slicker vs. The State*, 13 *Ark. Rep.* 397; and although the indictment does not describe the process alleged to have been resisted, with the particularity

observed in the English precedents, yet, upon the authority of the above case, we must hold it to be substantially good.

We have no law authorizing the court to sit as a jury in the trial of a criminal case, as held in *Wilson vs. The State*, 16 *Ark. Rep.*, and *Bond vs. The State*, at the present term: and for this error the judgment must be reversed.

Pending the trial the defendant excepted to several decisions made by the court, and it is perhaps proper that we should decide the questions reserved, as they may arise again upon another trial of the cause after it is remanded.

1. The court permitted Smith, the justice of the peace, who issued the execution charged to have been resisted, to prove his official character, that he was such justice, &c., against the objection of the defendant. There was no error in this. 1 *Greenl's. Ev.*, secs. 83, 92.

2. The State read the execution in evidence, and the defendant read the return of "no property found," endorsed thereon by Glover, the constable. The court then permitted the State to prove by Glover, that, on the day the execution came to his hands, he went in company with Chism, the plaintiff in the execution, to the house of Oliver, the defendant in the indictment, for the purpose of levying the execution upon a mare then in the possession of Oliver. That, when they arrived at the house, they found Oliver sitting on the mare out-side of his yard fence. Chism told him they had come to levy on the mare as the property of Hays, the defendant in the execution. Oliver said the mare was his own property, and he would not have her levied upon. Glover then started towards the mare, and Oliver took out his pocket knife, holding it down in his hand, without opening either blade, and told Glover not to come to him, and that if either he or Chism touched the mare, he would cut him. Glover still walked toward the mare, and Oliver turned her round and rode inside of his yard, and told a boy to bring him his butcher knife. He got the knife, and swore he would not have his mare taken. Glover told him he would have him arrested, and he

then turned the mare and rode off as fast as she could gallop. He was sitting on the mare all the while, &c.

To this evidence, Oliver objected as incompetent, on the ground that it was contradictory of the return of the constable on the execution, of no property found.

There is nothing in this objection: the evidence does not contradict the return, in the sense in which the truth of such returns is not permitted to be disputed. The constable might, perhaps, have returned the particular facts: that the plaintiff in the execution pointed out a mare in the possession of Oliver, to be levied upon: that he attempted to do so, but the levy was resisted by a show of arms, and then by flight—running off the animal. But the return of no property found was a short mode of stating the result of the efforts of the constable to satisfy the execution; and it was hardly necessary for him to detail, in his return, his unsuccessful adventures in search of property, &c.

3. The defendant, Oliver, proposed to prove that the mare, upon which the constable attempted to levy the execution, belonged to him, and was not the property of Hays, the defendant in the execution, but the court excluded the evidence.

The constable, it seems, found the mare not in the possession of the defendant in the execution, but in the possession, and at the house of Oliver. If she belonged to him, the constable was invading his rights, and a trespasser, in attempting to levy upon her. *Elder vs. Robinson*, 10 *Wend. Rep.* 128; *Mitchell vs. The State*, 7 *Eng. Rep.* 55; *Overby et al. vs. McGhee*, 15 *Ark. Rep.* Without intending to decide that Oliver was justifiable in making a flourish of knives to resist a mere levy upon the mare, even if she belonged to him, when the law points out more peaceful remedies, yet we must hold, upon the above authorities, that the court should have permitted him to prove that the mare was his property, and not subject to the execution. Reversed.