## STATE vs. COLLINS.

It is a well settled general rule that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute. (*Lemon vs. State*, 19 *Ark.* 173.)

The Legislature had the undoubted right to impose upon the presiding judges of the county courts of Crawford and Sebastian counties, the duties prescribed by the Act, approved 22d January, 1855; and for a breach of those duties they may be held to answer by indictment.

*Appeal from the Circuit Court of Crawford County.*

Hon. FELIX J. BATSON, Circuit Judge.

Mr. JOHNSON, Attorney General for the State.

Mr. JUSTICE HANLY delivered the opinion of the Court.

Collins was indicted in the Circuit Court of Crawford county for failing to comply with the provisions of the Act of Assembly, entitled " An act imposing additional duties on the presiding judges of the County Courts of Crawford and Sebastian counties," approved 22d January, 1855.

He appeared, and moved to quash the indictment, assigning four grounds for his motion; which being considered, was sustained, and the State appealed.

The questions presented for adjudication in this Court are such as result from the action of the Court below in reference to the motion to quash the indictment. These questions may be considered and disposed of under one enquiry, that is to say:

Was the indictment properly quashed?

As there seem to be some ambiguity and apparent inaccuracy of expression in the act under which this proceeding is had, we propose to give to it such a construction as will give it effect according to its obvious meaning, and true legislative intention.

The evident design of the act in question was to make it the duty of the presiding judge of the County Courts of Crawford and Sebastian counties, at the terms of those courts held, for those counties, respectively, next after the April term thereof, 1855, and at the corresponding term in every succeeding year thereafter, to cause the settlements and accounts of the clerks of the county courts, treasurers, sheriffs and collectors and internal improvement commissioners of those counties, which had been made and filed during the year preceding that term, under existing laws, to be audited, adjusted and examined by the county courts of those counties respectively, and after that had been done, it should be, furthermore, the duty of such presiding judges to cause to be made out, by the clerks thereof, respectively, under their direction, a statement arranged in tabular form, exhibiting under appropriate heads the amount of money which had come to the hands or possession of each one of those officers, showing what part of it had been received

for county, common school or internal improvement purposes; from what source derived; and, if paid out or disbursed, on what account and to whom.

It is also provided by the act, for the publication, in printed form, of not less than 500 copies of these reports, for distribution among the people of those counties. Provision is likewise made for the allowance and payment of the expenses of publication, and any extra charge which the clerk might make for services under the act.

The penalty prescribed for its violation is not less than $100, and forfeiture of office on the part of the delinquent judge.

This, we say, is the effect of the act according to its obvious meaning and true legislative meaning.

The first count pursues the statute in spirit and meaning, as we have construed it. The last three counts describe the offence charged in the very language and words of the statute.

It is a well settled general rule, that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute. See *What. Cr. Law* 132; *Lemon vs. State*, 19 *Ark. R.* 173, *and cases cited*. It is said there are but few exceptions to this rule recognized. See *What. Cr. L.* 132; *State vs. Stanton*, 1 *Iredell R.* 424.

The Legislature had the undoubted right to impose the duties, required by the act, upon the officers named. What they are required to do, under the act, is simply ministerial, and by no means inconsistent with, or repugnant to the judicial functions, belonging to them under the constitution.

The act declares that a breach of the duties imposed by it shall be a misdemeanor. The penalty is also prescribed, as we have shown. A misdemeanor is a *crime* within the meaning of our Bill of Rights. See *Rector vs. The State*, 1 *Eng. R.* 187. The Legislature use the terms " misdemeanor" and " crime" as convertible. See *Digest, chap.* 51, *part* 1, *sec.* 1. By the Bill of Rights it is reserved—" that no man shall be put to answer any criminal charge, but by presentment, indictment or

impeachment." See *Const., Art.* 2, *sec.* 14. The only mode, in which the appellee could have been held to answer to the crime or misdemeanor defined by the statute, was by indictment, presentment or impeachment. The mode pursued in this instance was the former. This was proper. Having held the indictment substantially good, and it having been quashed by the Court below, its judgment must, therefore, be reversed, with directions to that Court to overrule the motion, and allow the appellee to plead, etc.