## STATE OF ARKANSAS V. WITT.

1. INDICTMENT: *Charging sale of "spirituous liquors."*
   An indictment under an act forbidding the sale of "spirituous or intoxicating liquors," charging, in separate counts, the sale of "spirituous liquors" and "intoxicating liquors," is sufficiently certain, without specifying the kind of liquors sold. The offense being purely statutory, it is sufficient to charge it in the language of the statute.

2. LIQUOR: *Indictment for selling alcohol.*
   Courts do not judicially know that alcohol is an intoxicating beverage, or capable of such use; but if it is, and the liquor-seller sells it as a subterfuge for the purpose of pursuing his calling and evading the law, it may be that a conviction upon an indictment for selling ardent spirits would be sustained by proof of a sale of alcohol; but a bare charge of selling alcohol alleges no crime.

3. SAME: *Violating the three mile law.*
   An alleged violation of the three mile liquor law must be charged and proven to have occurred after the order of the County Court forbidding the sale was rendered.

APPEAL from *Faulkner* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Attorney-General Moore*, for the State:

1. The act of March 21, 1881, commonly called the "three mile law," prohibits the sale of "any vinous, *spirituous*, or intoxicating liquors of any kind," and proof of the sale of *any kind* of spirituous or intoxicating liquors would have been competent.

2. If the sale was prohibited "by an order made," it was *after* the order had been made, for it could be no offense, under that law, to sell *before*. *Acts 1881, p. 140–1.*

3. The court is asked to look into *The State v. Martin, 34 Ark., 340*, in which the expression is used that *alcohol* is

not an intoxicating liquor of any kind. See brief in *The State v. Bridges, 37 Ark., 223.*

*E. A. Bolton,* for appellee :

1. The indictment is fatally defective in not charging what kind of spirituous liquors was sold. It should show with certainty and precision all facts and circumstances comprised in the definition of the offense. *The State v. Dutton, 2 Murphy, 379; Jamison v. The State, 37 Ark., 445; Treadway v. The State, ib., 443; Smith v. The State, 33 Ind., 159; Barton v. The State, 29 ib., 68; 2 Bishop Cr. Pro., sec. 103, 703; 3 Denio, 91; 8 Barb., 547; Whar. Cr. L., sec. 285, note G; 4 Serg. & R., 194; 3 Gill & J., 310; 1 Bin., 210; 2 Hall, 182; 8 Dana, Ky., 29; Whart. Cr. L., sec. 301.*

2. It fails to state that the order of the County Court was made before the liquor was sold, or to state, *positively,* that any order was ever made, etc. The act of 1881 only makes it an offense to sell *after* such an order. *Whart. Cr. L., sec. 285, note K.; Arch. Cr. Pr. & Pl., vol. 1, p. 275; Wilson v. The State, 35 Ark., 414; Acts 1881, p. 140–1.*

3. It is no offense to sell *alcohol. The State v. Martin, 34 Ark., 340; Bridges v. The State, 37 Ark., 223.*

SMITH, J. In these two cases the appellee was charged with violation of the act of March 21, 1881, commonly known as the "three mile law." Each of the indictments contained two counts, charging that defendant, on stated days, sold, first, spirituous liquors ; second, whisky ; third, alcohol; and, fourth, intoxicating liquors, "within three miles of the public school house, in the town of Conway," such sales "being then and there unlawful, and prohibited by order of the County Court of Faulkner County, made in accordance with a petition signed by a majority of the adult inhabitants residing within three miles

1. INDICT-
MENT:

Charg-
ing sale of
spirituous
liquors.

of said public school house." The Circuit Court sustained a demurrer to these indictments. And, in support of the ruling of the court below, it is urged that the counts which charge sales of "spirituous liquors," and of "intoxicating liquors," are lacking in legal precision in that they do not specify the kind of liquor sold, whether brandy, whisky, rum, gin, wine or other strong liquors. It is a sufficient answer to this objection to say that the act uses three general terms, and that, where the offense is purely statutory, having no relation to the common law, it is generally sufficient to follow the language of the statute. *1 Bish. Crim. Pro., 611,* and authorities there cited; *Moffatt v. The State, 11 Ark., 169; The State v. Adams, 16 ib., 497; Medlock v. The State, 18 Ark., 363; Lemon v. The State, 19 ib., 171; United States v. Simmons, 96 U. S., 360.*

The only qualification of the rule is, that the defendant must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, so that he may prepare his defense and plead the judgment in bar of a subsequent prosecution for the same offense.

In *Wilson v. The State, 35 Ark , 414,* the indictment was for selling one pint of spirituous liquor, and it was held good on demurrer.

2. Indictment for selling alcohol. · The count which charged the sale of one pint of alcohol was properly quashed. (*State v. Martin, 34 Ark., 340.*) We can not believe for a moment that it was in the mind of the Legislature to prohibit the sale of so indispensable an article of commerce in the communities which should put this law in force. Alcohol is extensively used in the arts. It is employed in medicine as a solvent, in the preparation of tinctures, and by painters in the making of varnishes. The court does not judicially know that it is an intoxicating beverage, like whisky, nor that it is in common use for purposes of dissipation, nor even that it is capable of

being applied to such an use. If, however, such is the case, and the liquor-seller uses this subterfuge for the purpose of pursuing his calling and evading the law, it is possible that a conviction upon an indictment for selling ardent spirits might be sustained by proof of a sale of alcohol. But a bare charge of selling alcohol discloses no criminal offense.

It is further objected, to all of the counts, that they fail to allege the date when the prohibitory order of the County Court was entered. We think it sufficiently appears from that portion of the indictment which is copied above, that the sales were made after the order was entered. And, upon a trial, it will devolve upon the State to prove that such was the case. Of course, it was no violation of the act to sell liquors before the order was made.

3. ——————: Violating the three mile law.

The judgment of the Faulkner Circuit Court, in sustaining the demurrer to the count charging a sale of alcohol, is affirmed, and, as to the other counts, is reversed, and the cause remanded for further proceedings, with directions to overrule the demurrer to them.