State v. Hutson.

---

### STATE VS. HUTSON.

INDICTMENT : *For abusive language.*

An indictment charging that the defendant unlawfully did make use of violent, abusive language to a party (naming him) in his presence and hearing, which language in its common acceptatation was calculated to cause a breach of the peace, is sufficient.

APPEAL from *Johnson* Circuit Court.

HON. W. D. JACOWAY, Circuit Judge.

*C. B. Moore, Att'y Gen'l,* for appellant.

The indictment is entirely formal and in the very words of the statute. This is sufficient. *Sec.* 1512 *Gantt's Digest.*

ENGLISH, C. J. The indictment charged that John Hutson, the 2d day of April, 1882, in the county of Johnson, &c., unlawfully did make use of violent, abusive language to Mattie Hutson in her presence and hearing, which language in its common acceptation was calculated to cause a breach of the peace, against the peace, &c.

The Court sustained a general demurrer to the indictment, discharged the defendant, and the State appealed.

Upon what particular ground the Court quashed the indictment, we are not advised. It follows the language of the statute, (*Gantt's Digest* 1512), in charging the offense, and that in statutory misdemeanors is generally sufficient. *State v. Witt*, 39 *Ark.*, 216. It is like the indictment in

*Hearn v. State,* 34 *Ark.,* 550, on which defendant was convicted, and the judgment was affirmed on appeal.

Reversed and remanded with instructions to the Court below to overrule the demurrer to the indictment, and to require appellee to plead to it.