State v. Snyder.

---

STATE v. SNYDER.

INDICTMENT: *For misdemeanor, when sufficient.*
   An indictment charging a statutory misdemeanor substantially in the
   language of the statute is generally sufficient.

2. SAME: *For failing to work road.*
   It is not necessary that an indictment for failing to work the road after
   notice to do so should allege the manner in which the notice was
   given.

APPEAL from *Franklin* Circuit Court.

*C. B. Moore*, Attorney General, for the State.

The indictment is in the identical words of the statute, which is sufficient in a statutory offense. *Sec. 5324, Gantt's Dig,; State v. Witt, 39 Ark., 216, and cases cited.*

*Ed. H. Mathes*, for appellee.

The indictment does not set forth the special matter of the whole fact with such certainty that the offense may judicially appear ; it is not enough to charge a mere conclusion of law. *1 Wharton Crim. Law, sec. 285; State v. Graham, 38 Ark., 519* ; *Gantt's Dig., sec. 5322.*

ENGLISH, C. J. Herod Snyder was indicted in the circuit court of Franklin county for violating the road law. The indictment charged that, "the said Herod Snyder, on the eleventh day of March, 1882, in the county of Franklin,. etc., being then subject to road duty in road district No.. thirty-two, (32), in said county, etc., and having had three days actual notice and warning to appear and work on the public road in said district, unlawfully did fail to pay for the full time he was so lawfully warned to work, and did then and there unlawfully fail to attend by himself or sub-stitute to the acceptance of the overseer of said road dis-trict, at the time and place and on the day directed by the said road overseer, against the peace and dignity of the state," etc.

The defendant demurred to the indictment on the ground that it did not state facts sufficient to constitute a public offense, etc.

The court sustained the demurrer, discharged defendant,. and the state appealed.

The indictment was drafted under *section 5324 of Gantt's Digest*, and in charging the offense substantially follows the language of the statute, which in indictments for mis-

demeanors is generally sufficient. *State v. Witt, 39 Ark.,*
*216.*

Counsel for appellee submits that the indictment should
have alleged the manner in which he had actual notice and
warning to appear and work on the road, but that was mat-
ter of evidence to be introduced on trial by the state. The
principal fact that appellee had three days actual notice and
warning was alleged, and that was sufficient in pleading.

Reversed and remanded, with instructions to the court
below to overrule the demurrer to the indictment, and
require appellee to plead to it.

