## STATE v. TIDWELL.

1. INDICTMENT. *Assault with a deadly weapon.*

An indictment for an assault with a deadly weapon, in the language of the statute and specifying time and place, is sufficient, without specifying the instrument or weapon with which the assault was made.

APPEAL from *Dorsey* Circuit Court.

Hon. J. M. BRADLEY, Circuit Judge.

State v. Tidwell.

*C. B. Moore*, Attorney General, for appellant.

The indictment was drawn under *Sec.* 1298 *Gantt's Digest*, and meets the statutory requirements *Ib Sec.*, 1796. It need not be in strict statutory form. *Lacefield v. State*, 34 *Ark's.*, 275.

INDICT-
MENT:
Assault
with deadly
weapon.

SMITH, J.  The indictment charged that Tidwell "did unlawfully make an assault in and upon one James Davis with a deadly weapon with the intent to inflict upon the person of him, the said James Davis, a great bodily injury when there was no considerable provocation, contrary to the form of the statute and against the peace and dignity of the State "etc—To this indictment a general demurrer was sustained, and the State has appealed.

It does not appear for what reason the court below considered the indictment defective.

The time and place were sufficiently charged so that the court might see that the crime was alleged to have been committed in Dorsey County and less than one year before the bill was found. It was based on Sec. 1298, of Gantt's Digest and, in the description of the offence, employs the language of the statute. This is in general sufficient. *State v. Witt*, 39 *Ark.* 216. Perhaps it was supposed to be necessary to mention the name of the weapon used, as a pistol, an axe, a stone or whatever it may have been. Clearly this is not required upon principle. " The means of effecting the criminal intent, or the circumstances evincive of the design with which the act was done, are considered to be matters of evidence to the jury to demonstrate the intent, and not necessary to be incorporated in an indictment." 2 *Wharton Cr. Law 6th Ed. Sec.* 1281.

And to this effect are the adjudications in other States upon statutes precisely similar. *State v. Seamons*, 1 *Green* (*Iowa*) 418; *Martin v. State*, 40 *Texas*, 19; *Bittick v. State Ib.* 117; *Montgomery v. State*, 4 *Texas Ct. of App.* 140;

Reversed and remanded with directions to overrule the demurrer to the indictment and for further proceedings.