Glass v. State.

---

GLASS v. STATE.

1. INDICTMENT: *For statutory misdemeanor.*
   An indictment which charges a statutory misdemeanor in the general language of the statute and is sufficient to apprise the defendant of the nature of the accusation against him, so as to enable him to prepare his defense and plead the judgment in bar of another indictment for the same offense, is sufficient.

2. SAME: *For violating the "blind tiger" act.*
   An indictment for violating the "blind tiger" act (Sec. 1926 Mansf. Dig.) need not allege that the defendant has no license. If he has license it is matter of defense to be shown at the trial.

APPEAL from *Madison* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

Glass v. State.

*W. F. Pace* for Appellant.

The indictment is insufficient, because it fails to allege that ardent spirits were sold, either openly or secretly. The pleader must either follow the statute in describing the offense or use words of similar import. *Acts 1883, p. 300, Sec. 1; 43 Ark., 345; 1 Bish. Cr. Pro., 2 ed., Sec. 612.* Nor does the indictment describe the device. The using the statutory words is not always sufficient. *Gantt's Dig., Sec. 1780; Bish. St. Cr., Sec. 1037; 38 Ark., 519.*

2. The indictment does not negative the fact that defendant had license. The exception is in the enacting clause of the act. *1 Bish. Cr. Pro., 2 ed., 633; 38 Ark., 563; 37 Id., 408; Ib., 96.*

*Dan W. Jones,* Attorney General, *contra.*

The demurrer to the special plea that the sale was made within the limits of the Arkansas Industrial University act was properly sustained. *Chew v. State, 43 Ark., 361; State v. Tucker,* and six other cases decided at present term.

The indictment charges, the appellant at, etc., on, etc., using and controlling a certain house, situated etc., known as a drug store, in which he unlawfully, by device and stratagem, sold ardent spirits, against the peace and dignity, etc.

It was unnecessary to allege that the appellant had no license, because the exception is not in the enacting clause. *Brittin v. State, 10 Ark., 299.* The rule laid down in this case has since been followed.

The other objection, that it does not state the kind of device, rests ultimately upon the idea that the statute having used one specific term the indictment must charge one of a similar nature. But the evil sought to be remedied is the sale of intoxicating liquors by any kind of device, whether openly or secretly. *Acts*

*1883, p. 300.* The act uses only *one* specific term, followed by *several general* terms. The rule of limitation is, "where particular words are followed by general ones, as if, after the enumeration of several classes of persons or things," the general words are added, etc. *Bish. Stat. Crimes, Sec. 245.* Here we find no "enumeration of several classes," but on the contrary the general terms are the important one in the sentence and indicate the "intention" of the act. *State v. Williams, 2 Strob. (S. C.), 474; U. S. v. Briggs, 9 How., 351.* The indictment should be sustained.

SMITH, J. The indictment in this case charged that the defendant, using and controlling a certain house as a drug store, did unlawfully in said house, by device and strategem, sell ardent spirits. A demurrer to it was overruled, and after conviction, a motion in arrest of judgment, upon the ground that it specified no offense known to the laws.

The statute enacts that any person owning or using or controlling any house or tenement of any kind, who shall sell or give away, or cause or allow to be sold or given away, or keep or allow to be kept for sale or to be given away, any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, whether the same be sold or given away, openly or secretly, by such device as is known by "the blind tiger," or by any other name or under any other device, shall be deemed guilty of a misdemeanor. *Mansf. Dig., Sec. 1926.*

The history of this legislation is, that after the sale of intoxicating liquors had been prohibited in certain districts, either by special acts, or by a vote of the people refusing to sanction the system of licensing, or by an order of the county court putting in force the local option law upon a petition of the majority of the adult inhabitants of a given territory, all sorts of

contrivances were resorted to to evade the operation of the law. Such contrivances came to be popularly known as blind tigers. They were devices by which the liquor-seller sought to ply his vocation, and, at the same time, to conceal his criminal agency in the act of selling. The statute aims to suppress clandestine or indirect sales of liquors in communities where open sales could not be licensed, and also in communities where a license might have been obtained, but the seller undertook to sell without one.

1. INDICT- MENT: For statutory misde- meanor.

The present indictment does not attempt to describe the particular device employed by the defendant. But it follows the general language of the statute and was sufficient to apprise him of the nature of the accusation against him, so as to enable him to prepare his defense and to plead the judgment in bar of a second prosecution for the same offense. This is ordinarily all that is required in the case of a statutory misdemeanor. *State v. Witt, 39 Ark., 216.*

2. SAME: For violating the "blind tiger" act.

Nor was it necessary for the indictment to aver that the defendant had no license. A licensed vendor does not incur the penalties of the act. But the exception in his favor is not found in that part of the act which creates the offense, but in a subsequent clause. Consequently it is a matter of defense to be shown at the trial and needs not to be negatived in the indictment. *State v. Bailey, 43 Ark., 150.*

The testimony tended to show that the defendant's drug store was in the town of Fayetteville, where it was unlawful to sell liquors under any circumstances; that a bottle of whisky was commonly kept on the prescription case; and that from this his customers, or at least such of them as were initiated into the secret, helped themselves without saying anything to the proprietor or his clerks. Payment was made by laying the money on the prescription case, or by depositing it in a cigar box, which stood near by and had a small slit cut through the top of it.

The circuit court charged, in substance, that if the jury believed that liquor was obtained of the defendant in this manner, it was a sale by a device within the meaning of the statute. There was no error in this. And as the verdict is conclusive upon the question of fact that sales were thus made, the judgment is affirmed.