BODENHAMER *v.* STATE.

Opinion delivered December 8, 1894.

1. *Profanity—Indictment.*
> An indictment for profanity which charges that defendant "did profanely swear and curse" follows the language of the statute (Mansf. Dig. sec. 1880), and is sufficient.

2. *Profanity—Publicity of language.*
> In a prosecution for profanity it is unnecessary to prove that the profane language was used publicly.

Appeal from Baxter Circuit Court.

BRICE B. HUDGINS, Judge.

### STATEMENT BY THE COURT.

The defendant, B. F. Bodenhamer, was indicted at the April term, 1894, of the Baxter circuit court for "profanity," as follows, to-wit: "That said B. F. Bodenhamer, in the county and State aforesaid, on the 10th day of July, 1893, unlawfully did profanely swear and curse." Defendant demurred to the indictment on five several grounds to-wit: (1.) The indictment does not substantially conform to the requirements of section 2105 to 2122 of Mansfield's Digest. (2.) The facts stated in said indictment do not constitute a public offense. (3.) Said indictment does not set out the words charged to have been used by defendant, so as to show that he profanely, cursed or swore. (4.) Said words are not charged to have been uttered publicly. (5.) Said indictment does not state that the profane cursing and swearing occurred in the presence of a court, judge or magistrate. Which demurrer was by the court over-ruled, and exceptions saved by defendant.

Defendant, after his trial and conviction, filed his motion in arrest of judgment, on the ground "that the indictment in this cause does not state facts sufficient

to constitute a public offense within the jurisdiction of this court." Said motion was overruled, and exceptions properly saved. He also filed a motion for a new trial, on the following grounds, to-wit: "(1.) That the court erred in overruling defendant's demurrer to the indictment. (2.) That the court erred in refusing instruction number 2 asked by the defendant. (3.) That the court erred in giving instruction number 1 without also giving instruction number 2 asked by the defendant. (4.) The verdict was contrary to law and evidence." Said motion was by the court overruled, and exceptions properly saved.

At the trial of said cause, the defendant asked the following instructions:

"1. The jury are instructed that, before they are authorized to find the defendant guilty, they must believe beyond a reasonable doubt that the defendant did, in Baxter county and State of Arkansas, within twelve months preceding the indictment, profanely swear or curse. To profanely swear would be to irreverently, disrespectfully or contemptuously take the name of God in vain."

"2. And the jury are further instructed that, before they would be authorized to find the defendant guilty in this case, they must find beyond a reasonable doubt that the profane swearing was publicly done, or was done in the presence of a judge of some court or in the presence of a magistrate."

The court gave the first and refused the second of said instructions, and the defendant excepted.

The testimony fully sustains the charge.

*Z. M. Horton* for appellant.

Profanity was indictable at common law as a nuisance, but it was necessary to allege and prove that it was public, and in the hearing of divers persons. A

single act of profanity was not sufficient. Wharton, Cr. Law (8 ed.), sec. 1431 and note 3.   Our statute (Mansf. Dig. sec. 1880) does not define any crime, or provide any remedy for the offense.   It simply prescribes a penalty for the common law offense, and the indictment should be as at common law.   Bish. St. Cr. sec. 250; 10 Ark. 530.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

The offense is purely statutory.   At common law, it was only indictable when it was so public, etc., as to be a nuisance.   1 Arch. Cr. Pl. & Pr. 607; Clark's Cr. Law, 303; 70 N. C. 67; 9 Ired. 38; 7 Lea (Tenn.), 410. The common law was amended by statute 19 Geo. II. c. 21, making a single oath indictable.   Our statute is similar to that of Geo. II.   It is a statutory offense, and it is sufficient to charge the crime in the language of the statute.   9 Ired. 39; 3 Sneed, 135; 41 Ark. 226.

1. Indictment for profanity held good.

BUNN, C. J. (after stating the facts.)   The indictment is for a purely statutory offense, as enacted in section 1880, Mansfield's Digest, and a majority of the court are of the opinion that the offense is sufficiently charged therein, the same being charged in the language of the statute.   *State* v. *Moser*, 33 Ark. 140; *State* v. *Witt*, 39 Ark. 216; *State* v. *Snyder*, 41 Ark. 226.

2. Profane language need not be publicly used.

There was no error in the refusal of the court to give the second instruction asked by defendant, since the statute does not require that the profane language shall be used publicly in order to constitute the crime charged.

Finding no error, the judgment of the Baxter circuit court is affirmed.