## STATE v. HOOKER.

Opinion delivered April 30, 1904.

INDICTMENT—STATUTORY OFFENSE—CUTTING TIMBER.—Under the general rule that an indictment for an offense created by statute is sufficient if it describes the offense in the language of the statute, an indictment for cutting down growing timber, under Sand. & H. Dig., § 1773, is sufficient if it alleges that defendants willfully cut down trees of the value of one dollar or more, upon the land of the prosecuting witness.

Appeal from Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

*G. W. Murphy, Attorney General,* for appellant.

The demurrer should have been overruled.   66 Ark. 65.

BATTLE, J.   Omitting the caption, the indictment in this case is as follows:

"The grand jury of Phillips county, in the name and by the authority of the state of Arkansas, accuse Allen Hooker and Bob Robinson of the crime of a misdemeanor, committed as follows, towit:   The said Allen Hooker and Bob Robinson, in the county and state aforesaid, on the 19th day of November, A. D. 1902, then and there unlawfully and willfully did cut down certain timber, towit, two trees of the value of $6, which said trees were standing and growing upon the lands of P. A. Luke; towit, upon the west half of section 9, the north half of section 8, the southwest quarter of section 4, the north half of the northwest quarter of section 16, in township 1 south, of range 2 east. Also the south half of the northwest quarter of section 16, and the east half of the southwest quarter of section 17, in township 1 south, range 2 east, against the peace and dignity of the state of Arkansas."

"The defendant demurred to the indictment on the ground, first, that it was vague and indefinite, insufficient, and did not with any certainty disclose the offense charged; second, that it was not direct or certain as to the particular circumstances of the offense charged, so as to enable the defendants to defend themselves.

"The court sustained the demurrer, adjudged that the prosecution abate, and discharged the defendants; whereupon appellant excepted, and prayed and was granted an appeal."

The indictment is based upon section 1773 of Sandels & Hill's Digest, which, so far as applicable to this case, is as follows: "Every person who shall willfully commit any trespass by cutting down or destroying any kind of wood or timber standing or growing upon the lands of any other person * * * shall, upon conviction, be adjudged guilty of a misdemeanor, and be fined in any sum not less than fifty dollars."

It has been frequently held by this court that "in an indictment for an offense created by statute, it is generally sufficient to describe the offense in the words of the statute." *State* v. *Minyard,* 12 Ark. 156; *State* v. *Hazle,* 20 Ark. 156; *Oliver* v. *State,* 17 Ark. 508; *Lemon* v. *State,* 19 Ark. 171; *State* v. *Collins,* 19 Ark. 587; *State* v. *Moser,* 33 Ark. 140; *Portis* v. *State,* 27 Ark. 361; *State* v. *Witt,* 39 Ark. 216; *State* v. *Hutson,* 40 Ark. 361; *Scales* v. *State,* 47 Ark. 476; *Moose* v. *State,* 49 Ark. 499; *Putman* v. *State,* 49 Ark. 449; *Glass* v. *State,* 45 Ark. 173; *Farmer* v. *State,* 45 Ark. 95; *State* v. *Pierson,* 44 *Ark.* 265; *State* v. *Tidwell,* 43 Ark. 71; *State* v. *Snyder,* 41 Ark. 226; *Fortenbury* v. *State,* 47 Ark. 188; *Bodenhamer* v. *State,* 60 Ark. 10.

According to the cases cited, it would have been sufficient to allege that the trees were cut upon the land of P. A. Luke. But the state did more than this. It described the lands of Luke. It, of course, did not mean to say that the trees grew upon all the lands described, but that the lands were the property of Luke, upon a part of which the trees grew. The specification of the lands was calculated to aid the defendant in preparing his defense by confining the proof of the offense charged to particular lands. He had no reason to complain. The indictment is sufficient.

Judgment reversed, and the cause remanded with directions to the court to overrule the demurrer.

BUNN, C. J., absent.