### KREIDER *v*. STATE.

Opinion delivered May 13, 1912.

1. INDICTMENT—STATUTORY CRIME.—When the general language of a statute is sufficient to apprise the defendant of the nature of the accusation made against him, nothing more is required upon a charge of statutory misdemeanor. (Page 439.)

2. SUNDAY LAWS—SUFFICIENCY OF INDICTMENT.—An indictment which charges that defendant did on a certain Sunday "unlawfully engage in the running of a horse for pastime and amusement" is sufficient under Kirby's Digest, section 2036. (Page 439.)

3. SAME—HORSE RACING.—Kirby's Digest, section 2036, makes it an offense to run a horse for pastime or amusement on Sunday, whether the object be to exploit the speed of the horse or to amuse the rider. (Page 441.)

Appeal from Searcy Circuit Court; *George W. Reed,* Judge; affirmed.

*S. W. Woods* and *W. F. Reeves,* for appellant.

1. The indictment is indefinite and uncertain. We find no law making it a crime to "engage in the running of a horse for pastime or amusement." Kirby's Dig., § § 2036, 2040; 10 Ark. 259.

2. The instructions were erroneous, and the proof inadequate to sustain a conviction.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The indictment is good under section 2036 or section 2040, Kirby's Digest. It specifically charges an offense and puts defendant on notice.

2. There is no error in the charge, and the proof is adequate to sustain a conviction.

FRAUENTHAL, J. This is an appeal from a judgment convicting the defendant of the offense of Sabbath-breaking. The indictment charged that the defendant did "on the 12th day of March, 1911, said day being the Christian Sabbath or Sunday, unlawfully engage in the running of a horse for pastime and amusement." The defendant interposed a demurrer to the indictment upon the ground that it did not state facts sufficient to constitute an offense, which was overruled. The statute under which the indictment was

returned provides that "every person who shall, on the Christian Sabbath or Sunday, be engaged in the running of any single horse for any bet or wager on the speed of such horse, or for pastime or for amusement without any bet or wager, or shall be engaged in any cockfight on any bet or wager, or for pastime without bet or wager, shall on conviction thereof be fined," etc. Kirby's Digest, § 2036.

It is well settled that when the general language of the statute is sufficient to apprise the defendant of the nature of the accusation made against him nothing more is required upon a charge of statutory misdemeanor. *State* v. *Witt*, 39 Ark. 216; *State* v. *Hutson*, 40 Ark. 361; *State* v. *Snyder*, 41 Ark. 226; *Glass* v. *State*, 45 Ark. 173. The language of this statute is sufficiently employed, we think, in the indictment in this case to charge the offense created by it. The gist of this offense is in the running of any single horse upon the Christian Sabbath or Sunday, whether it be for a bet or wager on its speed, or simply for pastime or amusement. In either event the statute is violated.

It is urged by counsel for the defendant in this connection that the evidence adduced upon the trial of this case is insufficient to warrant a conviction of this offense. It appears from the testimony that the defendant and one John Hardin were, on the Sunday named in the indictment, riding together on horseback along a road which passed by the residence of one James Hightower. They were first seen by those at the residence about one hundred yards away, and at that time defendant was running his horse, and his companion was going in a fast trot. As they neared the house, some children at the roadside ran frightened away. The defendant and his companion continued at this rapid gait until they reached the house, when they slackened their speed to some extent, and after passing the house they increased the speed of the horses, the defendant running his horse and his companion trotting at a very rapid gait; and they continued riding their horses in this manner for a distance of from one quarter to half a mile. The rapid gait at which the defendant was running his horse, and the manner in which both he and his companion were speeding, not only attracted the atten-

tion of Mr. Hightower's family and some neighbors visiting him, but caused comment among them.

Statutes designating Sunday as a day of rest, and making the indulgence in certain sports and amusements on that day unlawful, have been upheld upon the ground that they are legitimate police regulations, having for their object the promotion of the public peace, morals and good order; and their constitutionality has been repeatedly affirmed by this court. *Shover* v. *State*, 10 Ark. 259; *State* v. *Anderson*, 30 Ark. 131.

In some jurisdictions these statutes, because penal in their nature, have been strictly construed; but in a number of jurisdictions, and in this State, it has been held that they are remedial, tending to promote public morals and the good order of society, and for that reason should be liberally construed in respect to the mischief to be remedied. *Tucker* v. *West*, 29 Ark. 386. And in this latter case it is said: "A narrow and literal construction of our statute would leave open a wide door for the desecration of the Sabbath."

The reason commonly given for sustaining statutes declaring certain acts done on Sunday unlawful is thus stated by Judge Devens, in the case of *Commonwealth* v. *Has*, 122 Mass. 40, and quoted approvingly by Mr. Chief Justice Cock-RILL in the case of *Scales* v. *State*, 47 Ark. 476: "It is essentially a civil regulation, providing for a fixed period of rest in the business, the ordinary avocations and the amusements of the community. If there is to be such a cessation from labor and amusement, some one day must be selected for that purpose; and, even if the day thus selected is chosen because a great majority of the people celebrate it as a day of peculiar sanctity, the legislative authority to provide for its observance is derived from its general authority to regulate the business of the community and to provide for its moral and physical welfare."

The wisdom and policy of legislation declaring unlawful certain acts of labor and the indulgence in certain sports and amusements upon Sunday is not within the province of the judiciary to pass upon; such legislation represents what the legislative branch of the government deems the best policy for the good order, peace and morals of the public. Thus, it has been declared by statutory enactment in this State to

be unlawful to be found hunting with a gun on Sunday, or shooting on that day, or to play cards for amusement on that day, or to play baseball on Sunday. The indulgence in these pastimes may be considered by some very innocent, but it has been uniformly held in this State that such sports and amusements engaged in on Sunday may be prohibited by legislative enactment. So that we are of the opinion that the object of the above statute is to make unlawful the running of a single horse on Sunday for pastime or amusement simply because it was deemed best to prohibit upon the Christian Sabbath or Sunday the indulgence in such pastime. If the object of running the horse by the defendant is to seek assistance, or from necessity to meet some engagement, or is for any purpose other than for pastime or amusement, then it would not fall within the prohibition of this statute.

It is urged that the statutory enactment is but a species of legislation having for its object the prohibition of horse racing as a sport. It is argued that its object is only to prevent the speeding of horses for a bet or wager, or the running of a horse for the purpose of exhibiting or developing its speed for pastime or amusement, and that the statute is not violated by simply running the horse upon a street or highway for the pleasure, exhilaration or pastime of the rider himself. But statutes of this character are enacted for the purpose of conserving the good order and morals of the people of the community who might be attracted or distracted by the running of the horse, and also of the individual engaged in such pastime. The language of the statute is plain and unambiguous, and its evident meaning is, we think, to prohibit on the Christian Sabbath or Sunday the running of a horse for pastime or amusement, whether the object be to exploit or develop the speed of the horse or simply to lend amusement or pastime to the rider himself. We are of the opinion, therefore, that the court committed no error in overruling the demurrer to the indictment, and that there was sufficient evidence to warrant the jury in returning the verdict they did.

The defendant asked the court to instruct the jury in substance that the defendant could not be convicted if he and his companion were riding a horse race, or if he was running his horse upon a journey. But these instructions were,

we think, without the issue.  The defendant denied that he was engaged in running his horse at all; he testified that he was going in a trot and at a gait not more than that of a gallop. He also testified that he was going on a visit to a friend; but there was no reason stated by him why he should run his horse for the purpose of going there.  So that the only issues involved in the case were whether or not the defendant was engaged in running his horse, and, if so, whether or not it was only for the purpose of pastime or amusement.  We are of the opinion that the court sufficiently submitted these issues to the jury by the instructions given to them, which stated, in effect, that before the jury would be warranted in finding the defendant guilty, they must find beyond a reasonable doubt that he was engaged in running a horse on Sunday for pastime or amusement.  These instructions correctly stated the law which was applicable to this case.  Finding no prejudicial error in the trial of the case, the judgment is affirmed.