### COMMONWEALTH *vs.* WILLIAM THOMAS.

A bill of a bank in another state is a promissory note, within the meaning of the Rev. Sts. *c.* 127, § 2.

Knowingly having in possession and uttering five false, forged and counterfeit promissory notes, may be charged as one offence in one count.

An indictment is not repugnant and defective, which charges the defendant with the possession of five false, forged and counterfeit promissory notes, and then sets forth certain bills of a bank in another state, and alleges that the defendant " did utter and publish the aforesaid false, forged and counterfeit bank bills as true."

An indictment for having in possession and uttering five counterfeit notes, which sets out four notes, alleges that the fifth " is different from any above set forth," and then sets out one like two of the others, is sufficient to support a conviction.

INDICTMENT on the Rev. Sts. *c.* 127, § 2, alleging that the defendant " had in his custody and possession sundry false, forged and counterfeit promissory notes, which the said Thomas then and there well knew to be false, forged and counterfeit, which said false, forged and counterfeit promissory notes were five in number, one of which said false, forged and counterfeit promissory notes was of the tenor following, that is to say." The indictment then set forth successively four bank bills of the Hamilton Bank in Rhode Island, and proceeded thus : " One other of which false, forged and counterfeit promissory notes, different from any above set forth, is of the tenor following," and set forth a bank bill similar to two of the previous ones. " And that the said Thomas then and there did utter and pub-

lish the aforesaid false, forged and counterfeit bank bills as true, he the said Thomas then and there so uttering and publishing said bank bills, knowing the same to be false, forged and counterfeit, with intent then and there to injure and defraud."

After trial and conviction in the municipal court of Boston, at May term 1857, *Nash*, J. overruled a motion made in arrest of judgment upon grounds stated in the opinion. The defendant alleged exceptions.

*J. C. Park*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. The principal question arising in the present case is, whether an offence under the Rev. Sts. *c.* 127, § 2, is charged in this indictment. It charges in the terms of the statute the uttering and publishing of " sundry false, forged and counterfeit promissory notes," but in describing such promissory notes, it describes five bank notes of the Hamilton Bank in the State of Rhode Island, and the inquiry is, whether such uttering and publishing of forged and counterfeit bank bills of another state is a statute offence, and if so, whether it is properly charged by the description of the instruments as forged and counterfeit promissory notes ? This question has been settled in the case of *Commonwealth* v. *Woods*, also argued at the present term, in the affirmative, and for the reasons of that opinion we refer to that case, *ante*, 477.

The further ground of objection to this indictment, that it charges various offences in one count, is not sustained by the fact. The indictment, as it was competent to do, charges as one offence the having in possession and uttering and publishing of several counterfeit bank bills, and a verdict of guilty may properly be rendered upon the whole charge, or upon part, as the evidence may authorize. When set forth in one count, it is however to be treated as one offence.

It is also said that there is a repugnancy and uncertainty in the allegation as to the uttering and publishing said " bank bills," whereas they had been originally set forth in the indictment merely as " promissory notes." This is true, if you confine the description to the first recital of having in possession " sun-

dry forged and counterfeit promissory notes; " but the indictment further proceeds to set them out as " of the tenor following," describing them by exact recitals, and thus showing them to ₃e bank notes or bills, and properly lay the foundation for the further allegation of uttering and publishing said bank bills.

Nor is there any ground for the further objection that the last of the five described notes is alleged to be different from the others, while in its recital it corresponds with two of those previously described. It would fully satisfy the terms of the allegation, that it was another and different bank bill, though of a similar form with the preceding.    *Exceptions overruled.*