GEORGE PARRIS VS. UNITED STATES.

Opinion delivered February 15, 1896.

1. *Sale of Intoxicating Liquor to Indians—Indictment—Quantity Introduced or Sold Immaterial.*

> Under section 2139 of the revised statutes of the United States, as amended by the act of July 23, 1892, providing: "No ardent spirits, beer, ale, wine or intoxicating liquor or liquors of whatever kind, shall be introduced under any pretense, into the Indian country. Every person who sells, exchanges, gives, barters or disposes of any ardent spirits, ale, beer, wine or intoxicating liquor of any kind, to any Indian under charge of any Indian Superintendent or Agent, or introduces or attempts to introduce, any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind, into the Indian Country, shall be punished by etc." the offense does not vary with the quantity introduced or sold, and it is unnecessary for the indictment to allege the quantity.

2. *Joining Different Acts in One Count—Duplicity.*

> Under this statute, the indictment may allege, in one count, by employing the conjunctive "and" instead of "or" in the statute as many of the prohibited acts, as the pleader wishes, and it will not be double, and it will be established at the trial by the proof of any one of them.

3. *Instruction—Harmless Error.*

> The court instructed the jury that "that the burden of proof is upon the defendant to show that he purchased the whiskey in the Indian Territory, and unless he establishes this fact, they are authorized to assume that he introduced it." In telling the jury that they were authorized to "assume" that he introduced it, the trial court commented upon the weight of the evidence, but it is held that under the evidence of this case, it was harmless error.

Appeal from the Northern District of the United States Court in the Indian Territory.    Affirmed.

WILLIAM M. SPRINGER, Judge.

The opinion states the facts.

*J. P. Buster* and *W. H. McBride*, for appellant.

*C. L. Jackson* and *James M. Givens*, for appellee.

LEWIS, J. 1. Appellant was tried below for the violation of Sec. 2139 of the Revised Statutes of the United States, as amended by the Act of July 23, 1892, which provides:

"No ardent spirits, beer, ale, wine, or intoxicating liquor or liquors of whatever kind, shall be introduced, under any pretense, into the Indian country. Every person who sells, exchanges, gives, barters or disposes of, any ardent spirits, ale, beer, wine, or intoxicating liquors of any kind, to any Indian under charge of any Indian Superintendent or Agent, or introduces, or attempts to introduce, any ardent spirits, ale, beer, wine, or intoxicating liquor of any kind, into the Indian country, shall be punished, etc."

The indictment contained two counts, upon both of which appellant was found guilty. Omitting formal parts, the first count charged that on the first day of August, 1893, appellant "feloniously and unlawfully did then and there introduce certain ardent spirits, ale, beer, wine and intoxicating liquor, into the Indian country." The second count charged that on the same date, appellant "feloniously and unlawfully did then and there in the Indian country, sell, exchange, give, barter, and dispose of certain ardent spirits, ale, beer, wine and intoxicating liquor, to one Robert Thompson, the said Robert Thompson being then and there an Indian, under charge of an Indian Agent."

Objection is made to the indictment, on the ground that neither of the counts is sufficiently particular, specific and certain. This objection cannot be sustained. The

statute quoted does not make the offense or punishment vary with the quantity introduced or sold. It was not, therefore, necessary to allege the quantity. Bishop on Stat. Crimes, Sec. 1039.

Quantity of liquor sold not an element of offense.

The objection that the indictment is indefinite and uncertain because it charges more than one offense is untenable in the light of authorities.

"It is common for a statute to declare, that, if a person does this, or this, or, this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunctive 'and' where the statute has 'or', and it will not be double, and it will be established at the trial by proof of any one of them. Thus, where the allegation was that the defendant sold spirituous liquors, to-wit, rum, brandy, whiskey and gin, in less quantities than one quart, without license, the court overruled the objection that four offenses were thereby charged in one count, saying: 'The selling of any of the liquors named would be an offense; but there is no more reason why the offender should be indicted separately for each, than there would be to charge a thief, who had stolen a suit of clothes, in separate counts for the coat, waistcoat, etc.,' 1 Bishop on Crim. Proc., Sec. 436; Hart vs. State, 2 Tex. App. 39; Commonwealth vs. Thomas, 76 Mass., 483.

More than one act may be joined in one indictment.

2. It is urged that the trial court erred in instructing the jury as follows:

"The burden of proof is upon the defendant to show that he purchased the whiskey in the Indian Territory, and unless he establishes this fact, you are authorized to assume that he introduced it."

The case of the American Fur Co. vs. United States, 27 U. S. 358, was a proceeding to forfeit goods found with certain liquors, in the possession of a licensed trader in the Indian country, upon the ground that such liquors were carried into the Indian country for the purpose of vending or distributing the same ,among the Indian tribes. These allegations were denied by the claimant, and the lower court charged the jury that if they believed from the evidence that the defendant, as an Indian trader, did carry ardent spirits into the Indian country and that the same were found therein among any part of its goods, it was *prima facie* evidence of its having violated the act of Congress on which the prosecution was founded, so as to throw the burden of proof upon the defendant. The Supreme Court declared that this charge met its entire approbation.

In the case of the New York, 3 Wheat. 63, which was libel of a ship under the non-importation act, and wherein the evidence showed that the vessel was loaded with rum in the island of Jamaica, and afterwards brought to the port of New York, the defense being that she was compelled by disaster and stress of weather to put into the port of New York, contrary to the will and design of the master, the Supreme Court said: "When an act takes place which in itself and unexplained is a violation of law, and the inducements to such infraction are great, it will not be thought unreasonable in a court to expect from a party who seeks relief against its consequences the most satisfactory proofs of innocence, especially as such will generally be within his reach.

"In this case there was an importation charged, which *prima facie* was against the law and was in the same degree, evidence of an original intention to import. The burden, then, of showing an absence of such intention was thrown upon and assumed by the claimant."

The last two cases were proceedings for the forfeiture of goods because of offense against the laws. Such action, though civil in form, are held by the Supreme Court to be criminal causes. Boyd vs. U. S., 116 U. S. 616. They may, therefore, be considered as stating rules applicable in prosecutions for crime.

In case of Chaffee vs. United States, 18 Wall. 516, which was an action to recovery a statuatory penalty of the defendants for having in their possession certain distilled spirits for the purpose of sale, with the design to avoid the duties imposed thereon, the charge of the trial court and the conclusions of the Supreme Court are thus set out by Mr. Justice Field: ''The court instructed the jury that it was a rule without exception that where a party has proof in his power which if produced, would render material facts certain, the law presumes against him if he omits to produce it and authorizes a jury to resolve all doubts adversely to his defense; that although the case must be made out against the defendant beyond all reasonable doubt in this case as well as in all criminal cases, yet the course of the defendants may have supplied, in the presumptions of the law, all which this stringent rule demands. 'In determining, therefore, in the outset,' said the court to the jury, 'whether a case was established by the government, you will dismiss from your minds the perplexing question whether it is so made out beyond all doubt. It need not, in the exigencies of this case, be so proved in order to throw the burden of explanation on the defendants, if from the facts you believe he has within his reach that power. In the end, all reasonable doubt must be removed, but here at this stage you need only say, is the case so far established as to call for explanation? * * * If, then, you conclude that, unexplained and uncontroverted by any testimony, the opening proof will enable you to find against the defendant for the claim of the government, or any material

part of it, you will then take up their testimony in view of the principle stated,' that of presuming against a party who fails to produce proof in his possession.''

"The purport of all this," says Mr. Justice Field, "was to tell the jury that, although the defendants must be proven guilty beyond a reasonable doubt, yet if the government had made out a *prima facie* case against them, not one free from all doubt, but one which disclosed circumstances requiring explanation, and the defendants did not explain, the perplexing question of their guilt need not disturb the minds of the jurors, their silence supplying, in the presumptions of the law, that full proof which should dispel all reasonable doubt. In other words, the court instructed the jury in substance, that the government need only prove that the defendants were presumptively guilty, and the duty thereupon devolved upon them to establish their innocence, and if they did not, they were guilty beyond a reasonable doubt. We do not think it at all necessary to go into any argument to show the error of this instruction. The error is palpable on its statement. All the authorities condemn it. The case of Clifton vs. United States, 4 How. 242, cited by the court below, was decided upon a satute which cast the burden of proof upon the claimant in seizure cases, after probable cause was shown for the prosecution, and, therefore, has no application. * * * The instruction sets at naught established principles and justifies the criticism of counsel, that it substantially withdrew from defendants their constitutional right of trial by juries, and converted what at law was intended for their protection—the right to refuse to testify—into the machinery for their sure destruction.''

In Graves vs. United States, 150 U. S. 118 Mr. Justice Brown says: "The rule even in criminal cases is, that if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact

that he does not do it creates the presumption that the testimony, if produced, would be unfavorable."

It will be observed that the present question does not come within the language of the decision in the case of the New York, viz: That when an act takes place which, in itself and unexplained, is a violation of law, the burden is upon the defendant to show defensive matter. Having whiskey in the territory, under the law in force at the date of this alleged offense was not a violation of the law. In this, the present case is to be distinguished from another very large class of cases covered by a rule which is thus stated by Mr. Greenleaf. "But where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true, unless disproved by that party. Such is the case in civil or criminal prosecutions for a penalty for doing an act which the statutes do not permit to be done by any person, except those who are duly licensed therefor, as for selling liquors, exercising a trade or profession, and the like. Here the party, if licensed, can immediately show it without the least inconvenience, whereas if proof of the negative were required, the inconvenience would be very great." 1 Greenleaf on Ev., Sec. 79.

Analogous to this class of cases are exceptions to criminal statutes, by virtue of which acts otherwise criminal are rendered innocent; as in case of statutes making it an offense to carry a weapon, with exceptions in favor of a traveler or one in imminent danger. In such cases, the defendant would be required to prove himself within the exception.

But it seems questionable whether in any case the proof of an act which is not criminal entails upon a defendant the burden of showing that he has not committed a crime.

(6)

Burden of proof.

Upon authority as disclosed in the opinion of Mr. Justice Field, it may well be doubted whether in this class of prosecutions it be correct for the trial court to charge that the burden is upon the defendant under any circumstances. The failure to furnish evidence which is shown to be peculiarly within his possession may raise presumptions against him and these presumptions, taken in connection with other facts proven, may satisfy the jury, but they are presumptions of fact and not of law.

However, we are unable to conclude that the charge of the trial court in this particular was injurious to the defendant. He testified in his own behalf that he had purchased the whiskey in the Indian Territory from Clark Collins. Clark Collins testified in his behalf that he had sold the whiskey to the defendant in the Indian Territory. The court told the jury that the burden was upon the defendant to do what he had already voluntarily undertaken to do. The court's charge and his own acts left the issue nakedly with the jury whether they would believe him and his witness. We do not think the instruction as to where was the burden of the proof could, upon this question, have affected the jury to his prejudice.

Comments of Court.
Harmless error.

In telling the jury that unless the defendant established that he purchased the whiskey in the territory, they are authorized to assume that he introduced it, the trial court commented upon the weight of the evidence. It told the jury what inference they might draw from the facts established, and from the failure of the defendant to prove the issue tendered by him. The jury, however, were not instructed nor required to draw this inference, but on the contrary were advised that they were the exclusive judges of the weight of the evidence and the credibility of the witnesses, and that in the event of reasonable doubt, they should acquit him. In this we do not think the court went beyond its province. In United States vs. P. R. Co., 123 U.

S. 113, Mr. Justice Gray says: "Trial by jury in the courts of the United States is a trial presided over by a judge with authority not only to rule upon objections to evidence and to instruct the jury upon the law, but also, when in his judgment the due administration of justice requires it, to aid the jury by explaining and commenting upon the testimony, and by giving them his opinion as to questions of fact, provided, only, he submits these questions to their determination."

Sec. 2, of the Act of Congress, approved March 1, 1895, declares with reference to the United States Court in the Indian Territory: "The judges shall have within the judicial districts for which they are appointed, all such authority, both in term time and vacation, as to all matters and causes, both criminal and civil pending, or that may be brought in said districts,    *    *    *    as is now by law vested in the judge of the United States Court in the Indian Territory, or in the Circuit and District Courts of the United States."

The judgment is affirmed.

KILGORE, J., concurs.