## STATE OF ARKANSAS VS. MOSER.

1. INDICTMENTS : *Statutory; what sufficient.*

   As a general rule, it is sufficient for indictments for statutory misdemeanors to follow the language of the statute.

2. SAME: *For abusive or profane language, etc.*

   Whether profane language used toward or about another in his presence, is calculated to arouse to anger or produce a breach of the peace, would depend upon the relations of the parties, the circumstances under which it was used, the manner of the speaker, etc., which are questions to be left to a jury.

APPEAL from *Izard* Circuit Court.

Hon. WILLIAM BYERS, Circuit Judge.

*Henderson, Attorney General,* for appellant.

ENGLISH, CH. J. :

The appellee was indicted in the Circuit Court of Izard County under the act commonly known as the "Peace and Tranquility Act," the indictment charging in substance as follows :

" The Grand Jury of Izard County, etc. etc., accuse Robert Moser of the crime of using profane and abusive language, calculated to cause a breach of the peace, committed as follows, to-wit : The said Robert Moser, on the 20th day of September, 1877, in the county, etc., aforesaid, unlawfully and violently did make use of profane and abusive language toward and about and in the presence and hearing of one W. T. Moser, then and there being, by then and there saying to the said W. T. Moser, *go to hell, God damn you,* which language was then and there calculated to arouse to anger the said W. T. Moser, and then and there cause a breach of peace ; against the peace and dignity of the State," etc.

The court sustained a general demurrer to the indictment, and the State appealed.

The act provides :

If any person shall make use of any profane, violent,

abusive or insulting language toward or about another person, in his presence or hearing, which language, in its common application, is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault; every such person shall be deemed guilty of a breach of the peace, and upon conviction thereof, shall be punished by fine, etc. Sec. 1512, Gantt's Digest.

What particular objection was taken to the indictment in the court below, does not appear, the demurrer being general, and the appellee not represented by counsel here.

The indictment follows the language of the statute, which as a general rule, is sufficient in indictments for misdemeanors under statutes.

The language alleged to have been used by appellee was certainly profane, and whether it was calculated to arouse the anger of the person to whom it was addressed, and provoke a breach of the peace as alleged, would depend upon the relations of the parties, the circumstances under which the language was used, the manner of the speaker, etc., which would be questions for a jury upon the trial.

We can see no valid objection to the indictment.

Judgment reversed and cause remanded with instructions to the court below to require the defendant to answer the indictment.