### HEARN vs. THE STATE.

1. CRIMINAL PLEADING: *Using insulting language to a crowd.*
   When an offensive denunciation is addressed to a company of men, and intended to apply to all of them, it may be charged as having been made to all, or any one or more of them.

APPEAL from *Mississippi* Circuit Court.
Hon. L. L. MACK, Circuit Judge.
*Henderson, Attorney General,* for appellee.

ENGLISH, C. J.    This was an indictment in the circuit court of Mississippi county, under the statute known as the peace and tranquility act.    *Gantt's Dig., sec. 1512.*

The indictment charged, in substance, that Jeff. A. Hearn, in the county, etc., on the twelfth day of August, 1878, did unlawfully use insulting language towards one John Lamberson, in his presence and hearing, which language, in its common acceptation, is calculated to cause a breach of the peace.

The defendant was found guilty by a jury, and fined $10.    A new trial was refused by the court, and he took a bill of exceptions, and appealed.

I. The evidence conduces to prove that about the time alleged in the indictment, a company of men were working

a road in Mississippi county, and at noon stopped for dinner in front of appellant's house, which was near the road, some of them having brought food with them, and others, living near, going to their homes to eat their dinners.

After dinner, the company assembled in the road in front of appellant's house, near his yard gate, to resume labor.

Appellant walked out from his gallery to the gate, with a pistol in his pocket, and said to John Lamberson, one of the company: "Don't you owe me $2.50?" Lamberson replied: "Yes; I owe you for marrying me, and I will pay you in corn." Appellant responded: "Damn you, and your corn too!" And then, turning to the crowd, said: "Any man that made fun of my dinner is a damned son-of-a-bitch, and his mother is a bastard!"

Lamberson replied: "I have not said so much about your dinner."

Other words passed between them, and appellant said: "I learn you have said I was a mean man, and I don't know what made you say it, unless it was because I married you, and you did not pay me the $2.50 fee." Lamberson replied: "I did not have the money, but I will pay you in corn."

During the altercation, Lamberson approached appellant, with his spade in both hands, not uplifted, but so as to be easily used. Appellant had his hand upon his pistol, partly drawn, and Lamberson said: "Don't draw that pistol on me." Appellant replied: "If I do, I will use it." Lamberson kept close to him, with the spade in his hands, and no fight occurred.

Lamberson testified substantially to the above facts, and stated that he took it that appellant was addressing himself to him when he said: "Any man that made fun of my din-

ner is a damned son-of-a-bitch, and his mother is a bastard!''

The witnesses agree that he turned to the crowd when he made this offensive denunciation, but it is probable, from all the facts and circumstances in evidence, that he intended it for Lamberson.

The words were calculated to produce a breach of the peace, and very nearly caused a conflict between appellant and Lamberson with pistol and spade, and the verdict was warranted by the evidence.

II. The court charged the jury as follows, to which appellant excepted:

" If the jury find, from the evidence, beyond a reasonable doubt, that the language used by defendant was addressed to a company of men approached by defendant, of which company John Lamberson was one, that said language was intended for the entire company, or John Lamberson individually, and the same was, in its common acceptation, calculated to cause a breach of the peace, etc., they will find defendant guilty.''

No doubt when an offensive denunciation is addressed to a company of men, intended to apply to all of them, it may be charged as having been made to all, or any one or more of them.

The latter part of the instruction, however, was more appropriate to the facts of this case, but the defendant was not prejudiced by the form in which the whole instruction was given. He was rightly convicted on the evidence.

Affirmed.