## STATE v. WRIGHT.

CRIMINAL LAW : *Religious worship : Disturbance of : What constitutes.*
The disturbance of any member of a congregation assembled for religious worship, is, in law, a disturbance of the congregation.

APPEAL from *Sebastian* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*C. B. Moore*, Attorney General, for the State.

The object of the statute is to protect not only the congregation *en masse*, but *each and every member* of the congregation, while engaged in religious worship. The disturbance of *one* or more is sufficient. *McElvey v. State, 25 Tex., 507*; *Friedlander v. State, 7 Tex. (Ct. App.), 204*; *Cockerham v. State, 7 Humph. (Tenn.), 11.*

ENGLISH, C. J. A. J. Wright was indicted in the circuit court of Sebastian county, for the Greenwood district, for disturbing religious worship. The indictment charges that said Wright, on the twentieth day of August, 1882, in the county of Sebastian aforesaid, unlawfully and contemptuously did disturb a certain congregation assembled in Burnsville school house for religious worship, by talking in a manner that was calculated to disturb said congregation, against the peace, etc. He pleaded not guilty, and the case was submitted to the court, sitting as a jury, by consent.

The bill of exceptions states that the evidence introduced by the State, on the trial, established the following facts :

"Defendant Wright, on the twentieth day of August, 1882, went to Burnsville school house, situated in the Greenwood district of Sebastian county, where some thirty or forty persons had assembled for religious worship, and in the presence of said congregation, and while they were engaged in religious worship, said to B. J. Morton, a member of said congregation, and one of the persons engaged in the worship, that he, Morton, was a liar, and used other insulting and offensive language to him. That said language so spoken by defendant, did offend and disturb said Morton in his devotions, while so engaged in such worship. That such language was spoken by defendant at a time when said

congregation was engaged in singing, and was unheard and
unnoticed by any of said congregation except said Morton,
and the same was spoken by said defendant in a low tone
or whisper."

Upon the above facts the State asked the court to declare
the law to be: "That a disturbance of any member of a
congregation, assembled for religious worship, is in law a
disturbance of the congregation." The court refused so to
declare the law, and, of its own motion, declared the law to
be: "That the disturbance of one member only of a congre-
gation assembled for religious worship, is not in the sense and
spirit of the law such a disturbance of a congregation so
assembled as would warrant the conviction of a person
indicted for disturbing religious worship."

The court found the defendant not guilty and rendered
judgment discharging him. The State was refused a new
trial, took a bill of exceptions and appealed.

Disturb-
ing religi-
ous con-
gregation.
By the common law it was a crime to disturb persons as-
sembled for worship. In England statutes were passed to
protect dissenters in their worship, said to be necessary be-
cause their assembling was unlawful. In this country
where every man has a right to worship God according to
the dictates of his own conscience, and where all forms of
worship are favored, it is admitted that such statutes are
not required. *1 Bishop on Criminal Law, (6th Ed.)*,
*sec. 542.*

In most, if not all of the American States, statutes have
been passed for the protection of persons assembled for
worship, and for the punishment of their disturbance. The
legislation of the State on the subject is embodied in *sec.
1624, Gantt's Digest*, and the decision upon the original
statute, and the purpose and scope of the amending act, are
reviewed and shown in *State v. Hinson, 31 Ark., 638.*

Whether under an indictment for disturbing a congrega-
tion assembled for worship, like the one now before us,

the State must prove the disturbance of the entire congregation, has not been decided by this court.

In *Dawson v. the State*, 7, *Texas Court of Appeals, Rep. 59*, Dawson was indicted for disturbing a congregation assembled for religious worship, under a statute similar to ours. The evidence was, that after church was dismissed and the pastor and part of the congregation were on their way home, the defendant with others, engaged in a broil, and defendant, by cursing and swearing, disturbed those then on the ground; that defendant behaved in an orderly manner so long as the pastor was present on the ground. It was held, on appeal, that defendant was rightly convicted on this evidence. The court said: "We are of opinion that the object, purpose, spirit and letter of the law are to protect the religious assembly from disturbance before and after services, as well as during the actual service, and so long as any portion of the congregation remains upon the ground."

In *Cockerham v. The State*, 7 *Humphries' Tenn. Rep. 11*, Cockerman was indicted for disturbing a congregation assembled for worship, by talking and swearing, etc. The trial judge instructed the jury, that profane language addressed to one single individual of a congregation engaged in public worship, would maintain the indictment, and that it was not necessary for the whole congregation, or any given portion of it, should be interrupted or disturbed. On error the supreme court approved this charge. Mr. JUSTICE REESE, who delivered the opinion of the court, said: "Every individual worshipper in the congregation, as well as the entire congregation, is protected by the object and policy of our statutes, from rude and profane disturbance during the solemn moments of public worship. And he who thus disturbs one worshipper, cannot, in reason or in law, allege that he has not disturbed a congregation while engaged in public worship. The protection intended by the

law would amount to little, if the congregation might in detail, through each of the individuals composing it, be disturbed with impunity.''

This case is directly in point; it has been frequently cited in the late text books on criminal law, and we have seen no disapproval of it. If the whole congregation must. be disturbed to make out the charge, not only one person,. but a dozen, or any less number of persons than the whole congregation, may be disturbed by a rude, ill-mannered. man, without subjecting himself to punishment.

Reversed and remanded for a new trial.