## NICHOLS *v.* THE STATE.

1. Disturbing even a single member of a congregation of persons lawfully assembled for divine services, by doing any of the acts forbidden by section 418 of the Penal Code, is such a violation of the provisions of that section as to render the offender indictable.
2. Talking or whispering so as to disturb such a congregation or any part thereof is "indecently acting" within the meaning of the above section.
3. The evidence warranted the verdict.

Submitted November 1, — Decided November 26, 1897.

Indictment for disturbing divine service.    Before Judge Kimsey.    Rabun superior court.    August term, 1897.

*W. S. Paris* and *A. J. Ritchie*, for plaintiff in error.
*Howard Thompson, solicitor-general*, contra.

FISH, J.    Emanuel Nichols was convicted for violating section 418 of the Penal Code, which provides that: "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." A motion for a new trial was made and overruled; whereupon movant excepted.    The motion alleges that the verdict is contrary to law and the evidence; and that the court erred in charging the jury, "that one person would constitute a part of such congregation; and if you believe from the evidence that one person of such congregation was disturbed by the defendant indecently acting, then he would be guilty under this count;

and I charge you further that talking or whispering would be indecently acting, if it disturbed the congregation or any part of it."

1. The purpose of the statute is to protect congregations lawfully assembled for divine service from interruption and disturbance by any indecent acting. This object can only be accomplished by protecting every member of the congregation from disturbance. If the whole assembly must be disturbed to constitute the offense, not only one member, but a score, or any number of persons less than the entire congregation, may be disturbed with impunity; which would be manifestly contrary to the spirit and purpose of the statute. In Cockerham *v.* State, 7 Humph. 11, the accused was indicted for disturbing a congregation assembled for worship, by talking and swearing, etc. The trial judge instructed the jury that profane language addressed to a single member of a congregation engaged in public worship would maintain the indictment, and that it was not necessary that the whole congregation, or any given portion of it, should be interrupted or disturbed. On writ of error, the Supreme Court of Tennessee approved this charge. Mr. Justice Reese, who delivered the opinion of the court, said: "Every individual worshiper in the congregation, as well as the entire congregation, is protected by the object and policy of our statutes, from rude and profane disturbance during the solemn moments of public worship. And he who thus disturbs one worshiper can not, in reason or in law, allege that he has not disturbed a congregation while engaged in public worship. The protection intended by the law would amount to little, if the congregation might in detail, through each of the individuals composing it, be disturbed with impunity." To the same effect are State *v.* Wright, 41 Ark. 410; Holt *v.* State, 1 Baxter, 192; Dawson *v.* State, 7 Tex. App. 59; Freidlander *v.* State, Ib. 204.

2. There was no demurrer to the indictment, and it can not be insisted here that the particular acts showing that the accused acted indecently were not set out specifically in the indictment. The indictment charged that the accused, by cursing, etc., and by "otherwise indecently acting," interrupted

and disturbed the congregation. There was no evidence to support any of the charges except that of "indecently acting." One witness, who was in the congregation, testified that he was greatly disturbed by defendant's talking while a prayer was being offered, and that the talk "was between a talk and a whisper." And the question is, whether talking or whispering, when the congregation or any part of it is disturbed thereby, is "indecently acting," in the meaning of the statute. The words "indecently acting" are here used in a relative sense, and signify any conduct which, being contrary to the usages of the particular class of worshipers, interferes with their services, or is annoying to the congregation, in whole or in part. The term "acting" in the statute evidently includes something more than its ordinary meaning, for it is declared that "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, interrupt," etc. Cursing or using obscene language may not be acting, in the ordinary sense of that word; nor is being intoxicated necessarily acting. Yet the statute includes them all by following them with the phrase, "or otherwise indecently acting." Divine services are probably more often disturbed by the talking and loud whispering of rude and ill-mannered persons, especially during prayer, than by any other means; and to hold that such was not a violation of the law would in a great measure defeat the purpose of the statute — the protection of worshiping assemblies from interruption and annoyance.

3. The evidence warranted the verdict, and there was no error in refusing a new trial.

        *Judgment affirmed. All the Justices concurring.*