## STANCLIFF VS UNITED STATES.

## Opinion delivered October 19, 1904.

1. *Disturbance of Peace—Indictment—Sufficiency of.*

An indictment for disturbing the peace under Sec. 1800 Mansf. Dig. (1143, Ind. Ter. Stat.) is sufficient where it follows the language of the statute.

2. *Disturbance of Peace—Indictment—Reciting Numerous Acts.*

An indictment for disturbing the peace may recite numerous acts, any one of which constitute a violation of the statute (Sec. 1800 Mansf. Dig.; 1143, Ind. Ter. Stat.), and this does not make it objectionable as double.

3. *Criminal Law—Indictment—Evidence—Variance.*

It is not a fatal variance between the indictment and proof when the former charges that defendant shot off and brandished a gun, which was a fire-arm, and the evidence related to acts with a "six-shooter."

4. *Trial—Cross-Examination—Impeachment—Evidence.*

It is not error to exclude answers to questions on cross-examination, the purpose of which was to impeach the witness, by showing contradictory statements made by the witness, when the questions do not employ the same language used by the witness, and do not point out the time, place and exact circumstances under which the contradictory statements were made.

5. *Trial—Evidence—Cross-Examination.*

The court properly sustained an objection to a question asked the prosecuting witness, in a prosecution for disturbance of the peace, if he knew how a certain person's name came to be on the indictment.

6. *Trial—Directing Verdict.*

The court properly refused to direct a verdict finding the defendant not guilty, where there was some evidence offered to establish his guilt.

7. *Criminal Law—Indictment—Time not a Necessary Element of Offense—Instruction.*

The court properly refused an instruction in a trial for a disturbance of the peace, that time is a material ingredient in the offence in this case, for it is not necessary element of the offense for which defendant was being tried.

8. *Disturbance of Peace—Evidence Necessary to Convict—Instruction.*

To sustain a conviction for disturbance of the peace it is not necessary to have the positive testimony of any person that he or she was disturbed, nor to show that more than one person was disturbed; and an instruction so charging the jury was properly refused.

9. *Criminal Law—Trial—Punishment Fixed by Jury—When.*

It is not error for the court to fail to charge the jury to fix the punishment if the defendant is found guilty, where the record does not disclose a request for such instruction by the defendant.

10. *Trial—Instructions—General Objection of no Avail.*

A general objection or exception to the court's instructions as a whole is of no avail as an exception to any particular instruction given or refused.

11. *Trial—For Misdemeanor—Failure to Swear Jury—Not Ground for Arrest of Judgment.*

In a trial for a misdemeanor a motion in arrest of judgment based upon the ground that the jury was not properly sworn, is properly refused where the defendant and his counsel were present during all proceedings, for the objection comes too late after conviction.

Appeal from the United States Court for the Western District.

CHAS. W. RAYMOND, Judge.

George Stancliff was convicted of disturbing the peace. He appeals. Affirmed.

On the 21st day of October, 1902, appellant (defendant below) was indicted for disturbing the peace; the substance of the indictment, which is in one count, being as follows: "The grand jurors * * * do find, present, and charge that one George Stancliff on the 1st day of October, A. D. 1902, within the Western District of the Indian Territory, did then and there unlawfully and willfully disturb the peace and quiet of the town and neighborhood of Elam, Indian Territory, by loud and unusual noise, by abusive, violent, obscene, and profane language, by threatening to fight, by quarreling, by challenging to fight, by fighting, by shooting off a gun, the said gun being then and there a firearm, and by brandishing a gun, the said gun being then and there a firearm, contrary," etc. On December 7, 1903, defendant filed his demurrer to the indictment, which is as follows: "The defendant, George Stancliff, demurs to the indictment found against him at the October term, 1902, of the United States Court at Sapulpa, Ind. Ter., for the alleged offense of disturbing the peace, for each of the following reasons: (1) The defendant demurs to said indictment for the reason that the substantial rights of the defendant are prejudiced on the merits, because there is no such statement of the alleged offense in the indictment as will enable the defendant to summon witnesses in his behalf, or enable him to make a defense to the charge. (2) The defendant demurs to said indictment for the reason that it does not conform to the following sections and parts of sections of Mansfield's Digest of the Statutes of Arkansas of 1884, in force in the Indian Territory, or any of them: Section 2105, pt. 4; section 2106, pt. 3; section 2107; section 2121, pt. 2; section 2122." Which demurrer was by the court overruled, and on same day defendant was arraigned and pleaded not guilty, and this cause came on for trial before a jury, and on same day the jury returned into court the following verdict: "We, the jury, find the defendant guilty in manner and form as charged in the within indictment." On December 8, 1903, defendant filed

motion for new trial, which motion was by the court overruled, and on same day defendant filed his motion in arrest of judgment, which was also overruled; and on same day the court rendered judgment against defendant on the verdict of the jury, and fined defendant $200 and costs. Defendant excepted and prayed an appeal to this court.

*Francis R. Brennan,* for appellant.

*W. M. Mellette,* U. S. Atty., and *E. L. Kistler,* Asst. U. S. Atty.

TOWNSEND, J. There was but one witness in this case on the part of the government, who testified that, about a month before the finding of the indictment, defendant came to his place of business in an intoxicated condition, and pulled out his six-shooter, and said, "Let's go shoot 'em up." He afterwards put his six-shooter "back in his clothes," and walked away in a northwesterly direction, after which witness heard shooting in the direction in which defendant had gone. Defendant called but two witnesses, with one of whom an attempt was made to prove an alibi, while objections were sustained to the questions propounded to the other.

Appellant has filed 24 assignments of error; the first and second relating to the overruling of his demurrer to the indictment. Appellant contends that there is no such statement of the alleged offense as will enable him to summon witnesses, or to enable him to make a defense to the charge; that it does not conform to certain sections of Mansfield's Digest of the Statutes of Arkansas, viz., section 2105, pt. 4, section 2107, section 2121, pt. 2, and section 2122 (section 1448, subd. 4; section 1450; section 1464, subd. 2; and section 1465, Ind. Ter. St. 1899), because it fails to state what the loud and unusual noise was, so that the

court might judge whether it constituted a public offense because it failed to state the name of the person toward whom abusive language was used, or to state the words used, or to state the name of the person or persons with whom defendant was charged with fighting, threatening to fight, etc., and fails to state with sufficient certainty the place where defendant was when he did the alleged acts, and fails to state other circumstances of the alleged act so as to identify them. The indictment in this case is founded upon section 1800 of Mansfield's Digest (section 1143, Ind. Ter. St. 1899), which is set forth in substance in charge of the court. It is as follows: "Sec. 1800. If any person shall willfully or maliciously disturb, either by day or night, the peace and quiet of any town, village, neighborhood or family by loud or unusual noise, or by abusive, violent, obscene or profane language, whether addressed to the party so disturbed or some other person, or by threatening, quarrelling or challenging to fight, or fighting, or shooting off any fire-arms, or brandishing the same, or by running any horse at unusual speed along any street, alley, highway or public road, he shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be fined in any sum not more than three hundred dollars, or be imprisoned in the county jail not less than one month nor more than six months, or both, at the discretion of the court or jury trying the case." This section names a number of acts which may disturb the peace and quiet of any town, village, neighborhood, or family, and these acts are set forth in the indictment in the language of the statute. It is usually sufficient to follow the language of the statute in an indictment for misdemeanors. In fact, it may be said that it is rarely necessary to do otherwise. State vs Moser, 33 Ark. 140; State vs Snyder, 41 Ark. 226; State vs Fogerson, 29 Mo. 416. Neither can it be said that the indictment is double because of the fact that it alleges a number of acts, any one of which would be a violation of law. It is sufficient for the pleader, in a statute of this character, to set forth all the

criminal acts, employing the conjunction "and," and, if any one of these acts is properly pleaded and is established by the proof, the indictment will be sustained. Parris vs United States, 1 Ind. Ter. 43, 35 S. W. 243. The indictment in this case is similar to one charging the defendant with disturbing religious worship. In an indictment for the last-mentioned offense, the general manager of the disturbance only should be alleged. It is not necessary to set out in detail the words used, nor the acts done. 2 McClain's Criminal Law, § 1028, and note; State vs Ratliff, 10 Ark. 536; State vs Hinson, 31 Ark. 638. The demurrer of defendant to the indictment in this case was properly overruled, as it conforms to the law generally, and is in accordance with the sections of Mansfield's Digest specially set forth in the demurrer.

Appellant contends, in his third assignment of error, that the court erred in overruling defendant's objection to the question asked the government witness, "What did he do with the six-shooter?" on the ground that the six-shooter was not a gun, and the indictment charged that a gun was shot off and brandished, and takes the position that this is a fatal variance. The statute under which this indictment was founded uses the word "firearms," making it a criminal act to shoot off or brandish the same. The indictment alleges that the defendant shot off and brandished a gun, which was a firearm, and the allegations of the indictment and the proof in the case are certainly not in conflict. Brown vs United States, 2 Ind. Ter., 583. 52 S. W. 56.

Assignments 4, 5, 6, 7, and 8 may be considered together, as the errors complained of therein are all of the same nature. It may be noted, however, that exceptions were not saved to the rulings of the court as set forth in assignments 5 and 8. Counsel for defendant on the trial of this cause asked the witness for the government a great variety of questions as to statements which he made to one Fred Stancliff. These questions were evidently

asked for the purpose of laying a foundation for the impeachment of the witness by showing that he had made contradictory statements. Defendant's counsel did not, at any time, in asking these questions, place himself within the rules of evidence governing testimony of this character. It is well settled that, before a witness can be impeached by showing that he has made statements contradictory to those which he has testified to, his attention must be called clearly and distinctly to the exact circumstances under which it is alleged he made the contradictory statements. This must include the time, place, and other surroundings which may have a tendency to fix upon his mind the conversation referred to. The exact language claimed to have been used by the witness must be put to him, and, in asking the question of the witness who is to contradict him, the same language must be employed. Underhill on Criminal Evidence, p. 293; Wharton's Criminal Evidence (9th Ed.) § 483. Defendant's counsel did not frame his questions to conform to the rules of evidence above set forth, and the court did not err in refusing to permit these questions to be asked.

Appellant contends, in his ninth assignment of error, that the court erred in sustaining the government's objection to the question, "Do you know how Dr. Bradley's name came to be on this indictment?" This was entirely immaterial, had no bearing upon the guilt or innocence of the defendant, and was disposed of in the proper manner by the court at the time.

The tenth error assigned by counsel relates to certain questions asked his witness Fred Stancliff relative to conversations he had had with the government witness. The first question, as set out in the brief of counsel for appellant, did not conform to the impeaching question which had been asked the government witness, Jacks. His witness was asked if he had ever had any talk with Jacks, near his residence, about two

weeks ago, in regard to the case.   The impeaching question put
to the government witness was, "Did you not tell him within the
last week at your residence, south of Elam," etc.   The time and
place set forth in the two questions were not the same, and it was
not error for the court to sustain the objection to the question as
put by counsel for appellant.

Appellant's eleventh assignment of error is that the court
erred in not charging the jury to find the defendant not guilty.
This instruction was properly refused, as there was evidence
offered to establish defendant's guilt.

The twelfth assignment is that this court erred in not
charging the jury as follows:   "The court instructs the jury that
time is a material ingredient in the offense in this case, and that
the United States must prove beyond a reasonable doubt that
the defendant disturbed the peace and quiet of the town of
Elam, Indian Territory, on the 1st day of October, A. D. 1902,
by one or more of the acts charged in the indictment."   The
contention of appellant, as set forth in the requested instruction
above, that time is a necessary element of the offense charged
against the defendant, and that the time laid in the indictment
must be proved, and no other, is against every rule of law upon
that subject.   It is true that, in cases where crimes are com-
mitted upon particular days, the criminality of the act arises
because of the day upon which it was done, and then time is an
element of the offense.   But by express provision of statute and
the uniform opinions of the courts, time is not a necessary element
of the crime alleged against the defendant, and the court's in-
struction upon this feature of the case was clearly correct.
Section 2112, Mansf. Dig. (section 1455, Ind. Ter. St. 1899);
Carter vs United States, 1 Ind. Ter., 353, 37 S. W. 204.

The thirteenth assignment is that the court erred in not
charging the jury, at the request of the defendant, as follows:

"The court instructs the jury that, in order to convict the defendant, the United States must prove beyond a reasonable doubt not only that the defendant willfully did one or more of the acts charged against him, but that the acts charged and proved beyond a reasonable doubt did then and there in fact disturb the peace and quiet of more than one person." In this assignment appellant complains of the refusal of the court to give to the jury an instruction which, in substance, required them to find that more than one person was disturbed, and that the fact of the disturbance must be established by the positive testimony of a witness; that is, that some witness must say that he or she was disturbed. We do not believe that the instruction was a proper one. In cases of this character the courts have held that where insulting and offensive language was spoken to one worshiper in a low tone or whisper when the congregation were singing, and which conversation was unheard and unnoticed by all of the said congregation except the person to whom it was addressed, the person using the language was guilty of disturbing religious worship. State vs Wright, 41 Ark. 410, 48 Am. Rep. 43; 9 Am. & Eng. Enc. of Law (2d Ed.) p. 671, and cases cited. It is not necessary in a case of this kind that any person should testify that he was disturbed by the conduct of the defendant, in order to sustain the charge. The jury are to consider all the facts and circumstances in the case, and then arrive at a conclusion as to whether the acts of the defendant disturbed the inhabitants of a community or not. The gravamen of the offense is the indulgence of improper conduct, and the attracting of the attention of any part of the people of a community. Holt vs State, 1 Baxt. (Tenn.) 192; 9 Am. & Eng. Enc. of Law (2d Ed.) 670, 671; Hearn vs State, 34 Ark. 550; State vs Moser, 33 Ark. 140; State vs Wright, 41 Ark. 410, 48 Am. Rep. 43. The testimony of Jacks, who testified for the government in this case, was to the effect that the defendant waved his pistol while standing within a few feet of his place of business at Elam, Ind. Ter., and,

in the presence of others, said, "Let's go shoot 'em up," and that he walked off with others in the direction of where there was to be a dance, and that presently the witness heard some shots in that direction. It was not error for the court to submit to the jury, under all the circumstances of the case, the question as to whether the conduct of the defendant, as above set forth, disturbed the peace and quiet of the people of Elam, or any one of them. "A breach of the peace is a violation of public order or decorum; the offense of disturbing the public peace or tranquillity enjoyed by the citizens of a community." 4 Am. & Eng. Enc. of Law (2d Ed.) p. 902.

The errors complained of in assignments 14 and 15 have been considered, and a further discussion of same is not deemed necessary.

In discussing the error in assignment number 16, it is only necessary to state that there was no exception to the action of the court in failing to charge the jury that it was to fix the punishment if the defendant was found guilty. The record does not disclose that the defendant asked for any such instruction, and after the court instructed the jury, and failed to give an instruction of that character, there was no proper exception saved to the action of the court in that respect. It is true that counsel for defendant excepted to the instructions of the court as a whole, but it is only necessary to state that such an exception is of no avail, under the rules of this court. So far as the record discloses, it was entirely satisfactory to the defendant that the question of punishment was left with the court in case of a conviction.

The errors complained of in assignments numbered 17 and 18 have been considered, and no further discussion of same is deemed necessary.

The nineteenth assignment is that the court erred in not setting aside the verdict and granting a new trial because the verdict was against the evidence. The specific ground is that there is no evidence tending to show that the alleged acts of defendant disturbed the peace and quiet of any one. This question has been thoroughly discussed, and need not be further considered. The same is true of appellant's twentieth assignment of error.

In assignment No. 21, counsel for appellant complains of the fact that the court should have granted a new trial to defendant upon the ground that the jury was not properly sworn. The defendant was tried for a misdemeanor, the punishment of which is a fine not exceeding $300, or imprisonment not exceeding six months. The courts hold that in cases of this character a defendant and his counsel cannot sit by, cognizant of the fact that a jury has not been properly sworn, and then take advantage of this fact in case of a conviction. The record discloses the fact that appellant and his counsel were present during all the proceedings in this case. They are therefore presumed to have known that the jury was not properly sworn, if such is really the fact, and the court did not err in refusing to set aside this verdict because the jury was not properly sworn. Neither did the court err in declining to hear proof as to whether the jury was sworn or not, as it was too late for the defendant to complain of this fact, of which he was before cognizant, after a verdict had been rendered against him.

We do not deem it necessary to pass upon appellant's twenty-second assignment of error, as, in view of what has been said upon assignment 21, we do not believe that appellant has been prejudiced thereby.

Assignments 23 and 24 present only questions which have been heretofore discussed, and will not be further considered,

There being no error in the record, we are of the opinion that the judgment of the court below should be, and it is hereby, affirmed.

Gill and Clayton, JJ., concur.