### 263. TAYLOR *v.* THE STATE.

Talking outside of a church where a congregation of persons was lawfully assembled for divine services, which the evidence failed to show was sufficiently loud to disturb such congregation or any member thereof, was not "indecently acting" within the meaning of the Penal Code, §418. The conduct of the defendant, as shown by the evidence, did not make a violation of this section, and the verdict against him was wholly without evidence to support it; and his motion for a new trial should have been granted.

Accusation of disturbing divine service, from city court of Swainsboro—Judge Mitchell. February 11, 1907.
Argued March 21,—Decided March 28, 1907.
*Saffold & Larsen,* for plaintiff in error.
*Henry R. Daniel, solicitor,* contra.

HILL, C. J.   Allen Taylor was convicted for a violation of section 418 of the Penal Code, which section is as follows: "Any person who shall, by cursing or using profane or obscene language, or by being intoxicated, or otherwise indecently acting, ·interrupt, or in any manner disturb, a congregation of persons lawfully assembled for divine service, and until they are dispersed from such place of worship, shall be guilty of a misdemeanor." He made a motion for a new trial, which was overruled, and he excepted. While there are several grounds embodied in the motion for a new trial, they are all properly embraced in the one that the verdict is entirely without evidence to support it, and is therefore contrary to law.   In other words, it was insisted that the facts as proved by the State did not show the guilt of the defendant.   The evidence relied on for conviction was as follows:   Two witnesses testified that on or about September 9, 1906, a congregation of persons was assembled at Philip's Chapel, a Baptist church in said county, for divine service.   One witness testified that during said service and outside the church, about 75 feet therefrom, he met the defendant in the road, and he was talking in a loud voice, and the witness said to him that he had better not talk so loud, as he might disturb the preacher; and, in obedience to this admonition, the de-

fendant ceased talking. This witness testified, on his direct examination, that this loud talking of the defendant did not disturb him, and that he did not know whether anybody else was disturbed or not. On the cross and redirect examination, the witness stated that the loud talking "disturbed him a little." This witness was not a part of the congregation engaged in divine service, but was in the road, about 75 feet from the church. The defendant was coming from towards the church and met the witness in the public road. The witness had been to church, had walked off from the church for some purpose, and was returning thereto at the time of the loud talking, and he testified that he was not then a part of the congregation. The second witness testified that he was an officer of the church, and was on the outside thereof, while services were going on inside, for the purpose of keeping order, and that he was 15 or 20 feet from the church; that the defendant was talking "sort of loud one time," and he spoke to him about it, because he did not want him to disturb the congregation, and the defendant, in reply to his request not to talk loud, said, "all right." Witness did not know that the loud talking disturbed the congregation, but he (the witness) was disturbed by the loud talking, and he was a part of the congregation when he "got there." What the witness meant by the words, he was a part of the congregation when he "got there," does not appear. Whether he considered himself a part of the congregation while he was outside, keeping order, or when he was inside, engaged in worship, is left to conjecture. This was all the testimony for the State. The defendant introduced no evidence, but, in his statement, claimed that he "naturally talked loud," but that he did not disturb any one on that day at all.

Do the foregoing facts constitute a violation of this section of the Penal Code? The purpose of the law is to protect congregations, lawfully assembled for divine service, from interruption or disturbance, by any of the conduct specifically mentioned in the statute, or by any indecent acting. Loud talking by a person outside of the church or place of worship, but so near thereto as to disturb or interrupt the congregation or any one of the congregation assembled for divine service, would be a violation of the statute. A member of the congregation who was outside of the church, but who was nevertheless engaged in divine service, would be within the protection of the law; for there might be reasons why he could

not remain inside, and yet still be a part of the congregation and participating therewith in the act of worship. Any whispering inside the church, sufficiently loud to disturb any one member of the congregation, would be a violation of the statute. *Nichols* v. *State*, 103 *Ga.* 61. The object of the law is to enforce the spirit of the injunction, "The Lord is in his holy temple: let all the earth keep silence before him." But construing the law in its broadest sense, and for the purpose of accomplishing the purpose of its enactment, we do not think the conduct of the defendant as shown by the evidence in this case constituted a violation, either in letter or spirit, of the terms of the statute. Clearly, the first witness, who said he was a little disturbed, could not be considered at the time of the disturbance as a member of the congregation, as he was about 75 feet away from the church. His pious reflections as a devout man possibly might have been disturbed, but the object of the law is not to protect him in the undisturbed enjoyment of his reflections, except while engaged in divine service as a part of the congregation. The other witness was disturbed by the loud talking outside the church, not while engaged in worship, but in preventing any disturbance of those who were so engaged. But the evidence is uncontroverted that the defendant did not intend to disturb any one, and that he at once yielded obedience to the admonition given.

It is common knowledge that persons assemble near churches, especially in the country, where divine service is being carried on, and sometimes engage in conversation that is heard by some one of the worshipers inside of the church; and it is also a general practice of many good men and women, to say nothing of children, in the church, before the service commences, to talk in whispers on both religious and secular subjects, and sometimes such whispering inside the church disturbs the serious reflections of some member thereof, and this practice of whispering in churches "is more honored in the breach than in the observance." But it can not be held that these acts of indiscretion, not intended to interfere or disturb a congregation or any member thereof assembled for divine service, constitute infractions of this penal statute. In our opinion, the defendant in this case was not guilty of violating the law, either in act or intention, and we therefore reverse the judgment refusing to grant him a new trial.              *Judgment reversed.*