PEOPLE, PLAINTIFF AND APPELLEE, *v.* WAYS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Breach of Peace.

No. 1659.—Decided April 15, 1921.

BREACH OF PEACE—OFFENSIVE CONDUCT—TRADUCEMENT.—The peace of a neighborhood or of an individual may be disturbed by disorderly or offensive conduct, and in this particular case it was held to be offensive conduct to say publicly, maliciously and wilfully to another person in loud tones, "you are a sycophant of the Bonars, a Pharisee and a Judas," thus causing the gathering of many persons. Such language may be classified also as traducent under section 368 of the Penal Code. The case is distinguished from that of *People* v. *Ruiz,* decided January 31, 1921.

ID.—INFORMATION—DUPLICITY.—When an information for breach of the peace charges in one count several acts committed at the same time and as part of the same offense, there is no duplicity. In this particular case it was held that the charge in the information that the language was uttered within the hearing of women and children, which act of itself may constitute a breach of peace when accompanied by other specified circumstances, does not make the information fatally defective.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Juan B. Ways was convicted on a charge of the commission of a breach of the public peace and sentenced to pay a fine of two dollars, or to one day's imprisonment for each dollar not paid. He appealed from that judgment to this court. There is no bill of exceptions nor statement of the evidence. The only question raised is the fundamental one

that the facts alleged in the complaint do not constitute a public offense.

The pertinent part of the complaint reads as follows:

"The aforesaid defendant, Juan B. Ways, unlawfully, maliciously, criminally and wilfully disturbed the peace and quietness of the complainant by addressing to him insulting and threatening language, such as that the complainant was a sycophant (*lambe ojo*) of the Bonars, a Pharisee, a Judas, and other similar expressions, thus causing the gathering of many persons in the said office where the complainant was so accosted. These words were uttered in loud tones and within the hearing of women and children who were present in the said office."

The law applicable to the case is section 368 of the Penal Code, which reads as follows:

"Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultous or offensive conduct, or threatening, traducing, quarreling, challenging to fight or fighting, or who on the public streets of any city or village, or upon the public highways fires any gun or pistol, or uses any vulgar, profane or indecent language within the presence or hearing of women or children, in a loud and boisterous manner, is guilty of a misdemeanor, and shall be punished by fine not exceeding two hundred dollars, or by imprisonment in jail for not more than ninety days, or by both fine and imprisonment, at the discretion of the court."

As may be seen, that statute can be violated in three different ways and the offense first defined may be committed in seven different modes. The initial words, "every person who maliciously and wilfully," are common to the three offenses.

The first offense consists in disturbing the peace or tranquility of any community or individual by—

(*a*) Loud or unusual noise;

(*b*) Tumultuous or offensive conduct (it being observed that while the Spanish text employs the copulative conjunc-

tion *and,* the English original contains the disjunctive conjunction *or,* so that the true translation is as above);

(*c*) Threatening;

(*d*) Traducing;

(*e*) Quarreling;

(*f*) Challenging to fight;

(*g*) Fighting.

The second offense consists in disturbing the peace by firing any gun or pistol on the streets of any city or village or on the public highway.

And the third offense consists in using any vulgar, profane or indecent language in the presence or within the hearing of women or children, in a loud and boisterous manner.

Section 368 forms a part of Title XV of the Penal Code which treats of "Crimes against the public peace." Corpus Juris devotes pages 385 to 399 of Volume 9 to this offense, under the heading "Breach of the Peace."

A breach of the peace, as expressly provided by the statute, may be a disturbance of the peace of a community or of an individual. In this case the complaint charges that the defendant "disturbed the peace and quietness of the complainant." Therefore, this is a disturbance of the peace of an individual. How? "By addressing to him insulting and threatening language" in loud tones, as follows: That the complainant was "a sycophant (*lambe ojo*) of the Bonars, a Pharisee, a Judas, and other similar expressions, thus causing the gathering of many persons in the said office where the complainant was so accosted."

Is the charge included in any of the modes of committing the offense? In our opinion it comes within mode (*b*), or the wilful and malicious disturbance of the peace of an individual by *offensive conduct*. The complaint does not follow literally the wording of the statute. It was not prepared by a district attorney, but by the offended citizen himself. But it being alleged therein that the defendant wil-

fully and maliciously disturbed the peace of the complainant by addressing to him in loud tones the language set out in the complaint, thus causing the gathering of many persons, a charge is clearly made of public *offensive conduct* sufficient to disturb the peace of the person to whom it was directed.

According to the Dictionary of the Spanish Royal Academy, *conduct* means, among other things, "deportment, or the manner in which men govern their lives or regulate their actions." "The 'conduct' of a party, in its broad sense," as said in *Hallowell National Bank* v. *Marston et al.,* 27 Atl. 529, cited in 2 Words & Phrases Judicially Defined, 1416, "consists of acts, words, silence, or negative omission to do anything."

We think that in using the word *conduct* in section 368 of the Penal Code the legislators had not in mind a continuous series of acts performed with the same intent on repeated occasions. They endeavored to foresee and penalize a criminal act and it is clear to us that a person who wilfully and maliciously addresses himself to another in public and insults him, as in this case, is guilty of offensive conduct towards the person insulted. To call a person a sycophant (*lambe ojo*) is commonly meant to charge him with servile acts, such as acting the part of a flatterer; to call one a Pharisee is to classify him as a hypocrite, and to call one a Judas is to charge him with being a traitor, one who would betray his Master for money, or betray his cause however sacred it might be.

And this definition of the word "conduct," as used in said section 368, is given more force by the meaning of the adjective "offensive" by which it is accompanied.

"Offensive. Anything that causes displeasure, gives pain or unpleasant sensations, is offensive." 29 Cyc. 1353.

Restrictively applied, it was held in the case of *State* v. *Sherard,* 117 N. C. 716, 23 S. E. 157, that "To call a per-

son a 'damned highway robber' in a public restaurant in a voice so loud as to be heard on the street is punishable under an ordinance prohibiting and punishing disorderly conduct.'' The case is cited in 14 Cyc. 469, under the definition of ''Disturbance of Public.'' See also 18 C. J. 1219.

The expression ''offensive language'' has been used as equivalent to abusive or insulting language. In the case of *People* v. *Sinclair*, 86 Misc. 426, 435, 149 N. Y. S. 54, in holding the conduct of defendant to be disorderly, the court said that the conduct was insulting and that the insult lay in part in the subject matter of the rebuke and in part in the publicity of its infliction. 18 C. J. 1219.

In the case of *State* v. *Sturges*, 48 Mo. A. 263, it was held that: ''Where a person loudly accuses a justice of the peace, while discharging his official duties, of instituting prosecutions against the speaker and calls the justice vile names, it constitutes a disturbance of the peace.'' 9 C. J. 389.

But if there should be any doubt regarding the classification of the offense under mode (*b*), it would undoubtedly come under mode (*d*), because the imputation publicly made by the defendant against the complainant in the place and manner stated in the complaint clearly amounts to traducing.

The word ''traducing'' in the English original was translated as *''vituperio''* in the Spanish text. In the Century Dictionary & Cyclopedia, Vol. VIII, page 6418, ''traduce'' is defined as follows: ''To misrepresent; hold up or expose to ridicule or calumny; defame; calumniate; vilify.'' And in Webster's New International Dictionary, page 2181, as follows: ''Specifically, to expose wrongfully to contempt or shame; to calumniate; vilify; defame, as, to *traduce* a reputation.—He had the baseness * * * to *traduce* me in libel. *Dryden.*'' And according to the Dictionary of the Spanish Royal Academy, *''vituperio''* means: ''Insult or opprobrium cast at a person. Action or circumstance which causes affront or disgrace.'' According to Salvat's Diction-

ary, *"vituperar"* means "to speak evilly of a person or thing, classifying him or it as vicious or disgraceful."

It has been suggested that although the law penalizes a disturbance of the peace of an individual, yet the act must be done publicly in order to constitute the offense. We agree with this view. We have seen that section 368 of the Code forms part of its title which treats of crimes against the public peace. The nature of the different acts referred to in that section and its general spirit so demand. But that element is present in this case. The defendant's conduct towards the complainant was in public and it is expressly alleged in the complaint that the act of the defendant caused the gathering of many persons. That fact distinguishes this case from that of *People* v. *Ruíz, ante,* page 68. In that case we held that the use of insulting language of itself does not constitute a breach of the peace. We could not classify the language used as offensive conduct because the circumstances tended to mitigate rather than aggravate the nature of the words used. They were the mere expression of a person who, upon being called by the complainant, felt aggrieved by him, and were uttered quietly. In the present case the words were not only insulting, but were uttered in loud tones and attracted a number of persons.

It has been pointed out also that the allegation at the end of the complaint that "these words were uttered in loud tones and within the hearing of women and children present in the said office" produces such a confusion that it is impossible to understand the exact charge against the defendant; that is, whether he was charged with the offense of disturbing the complainant's peace by offensive conduct, or of the use of vulgar, profane or indecent language in the presence or within the hearing of women and children, in a loud and boisterous manner.

In our opinion there is no duplicity which may render the complaint fatally defective. The first part of it is clear

and predominant. The act of which the complainant really complains is the defendant's conduct towards him. If such conduct was in public and the words were uttered also within the hearing of women and children, these are facts which emphasize the act, but they are not alleged as constituting a different offense.

But even if several modes of committing the offense had been charged in a single count, the complaint would be sufficient considering the nature of the offense. "Where several modes are named by which a breach of the peace may be committed, an indictment charging in one count several acts committed at the same time and as part of same transaction is not duplicitous." 9 C. J. 390, and cases cited.

One of the cases cited is that of *State* v. *Matthew,* 42 Vt. 542, 545, in which the court said:

"The public peace may be disturbed or broken by one of these modes; it may be disturbed and broken by all these modes, and yet constitute but one offense. A single count in an indictment, information or complaint, may contain a statement of facts which show upon the face of them that one offense, namely, a breach of the peace, has been committed by all the modes named in the statute. And where the tumultuous and offensive carriage, threatening, quarreling, challenging, assaulting, beating and striking are connected acts, done at the same time, they constitute but one offense, and all such connected acts, or so much of them as is necessary to constitute the offense, should be alleged in one count. It is clear that for such connected acts the respondent could not be convicted of two or more offenses by setting forth, in two or more counts, the different modes by which he committed the offense, where the acts set forth in each and in all the counts were committed simultaneously. The offense embraced in that section of the statute is a misdemeanor, whether it be committed by one of the modes or by all the modes named in the statute; and a conviction on an indictment alleging the offense to have been committed by one or more of the modes named would be a bar to any subsequent indictment for the same offense alleging it to have been committed by one or more of the other modes named in that section of the statute. Under a count alleging that the respondent disturbed and broke the public peace by tumultuous and

offensive carriage, by threatening, quarreling, challenging, assaulting, beating and striking any other person, proof of a breach of the peace, in either of the modes alleged, would be sufficient to sustain the prosecution, and the other modes, alleged and proved to have been committed at the same time, could be treated as matters or circumstances of aggravation." Note in 9 C. J. 391.

See also *Stancliff* v. *United States,* 82 S. W. 882; *Delk* v. *Commonwealth,* 178 S. W. 1129, and *People* v. *Collazo,* 20 P. R. R. 190.

By virtue of all the foregoing, we are of the opinion that the facts alleged in the complaint constitute the offense of which the defendant-appellant was convicted and consequently that the appeal must be dismissed and the judgment appealed from

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.