STOVALL *v.* STATE.

(Division A. Oct. 7, 1935.)

[163 So. 504. No. 31707.]

**E. B. Patterson** and **G. Wood Magee**, both of Monticello, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

This is an appeal from the circuit court of Walthall county wherein, on appeal from a justice of the peace court, appellant, Willie Stovall, was tried and convicted on an affidavit charging him with obstructing justice, and sentenced to pay a fine and serve a term in jail.

The affidavit, as amended, charged the appellant with a violation of section 1061, Code 1930—assisting in the rescue and escape of Jonah Stovall from the custom of the constable of the beat in which a crime was alleged to have been committed. The constable had arrested Jonah Stovall without a warrant for disturbing public worship of a congregation of a Holiness Church called Galilee.

1. The appellant urges as ground for reversal that the arrest without a warrant of Jonah Stovall was unlawful, and in order to sustain the charge of obstructing justice it is necessary for the state to show that the accused resisted, or impeded, an officer in the discharge of his duty, and that the prisoner arrested had committed an offense in his presence for which the officer had the right to arrest him without a warrant.

There was ample evidence authorizing the jury to find that the appellant actively assisted others in rescuing Jonah Stovall from the custody of the officer, and that Jonah did escape by seizing the pistol of the officer and running away from the place where he was under arrest, accompanied by the appellant and others. Merritt v. State (Miss.), 5 So. 386.

There is no question but that there was a congregation assembled in this church for religious worship. Early in the morning Jonah Stovall was warned by the officer to behave himself—that he was acting like he was drunk. In the afternoon, while collection was being taken up in the building, one of the deacons of the church came out on the grounds where there were a number of people, both white and colored, who were not shown to be engaged in divine worship and solicited a collection from Jonah Stovall, whereupon Jonah said to the deacon; "Go to hell. I will give you nothing. I will give you hell." Immediately thereafter he was heard to say that he was not afraid of any of the "Goddamn ——— of ———," brandishing his knife at the same time. The

constable testified that Jonah "hollered" while using the language attributed to him. The constable arrested Jonah, and, according to the state's evidence, the arrest was resisted by Jonah, and he was assisted in making his escape from the custody of the officer by the appellant.

The arrest and the language, conduct, and action of Jonah Stovall were within ten feet of the front door of the church, while worship was in progress, or at least before the congregation had left the building. The state's evidence does not show that any witness in the building heard the language used by Jonah Stovall, and we do not now decide whether the circumstances were such as to warrant the officer in assuming that members of the congregation did hear or had the opportunity to hear the profanity and were disturbed thereby. We are of the opinion that the language addressed to the deacon of the church while in the act of taking up a collection was a disturbance of a member of a congregation within the purview of section 864, Code 1930. Thereunder the taking up of a collection by the deacon was a part of the religious worship, and it is not essential or necessary in order to sustain a conviction under this statute that every member of the congregation should be disturbed. Persons may withdraw from a religious meeting for a temporary purpose without necessarily ceasing to be entitled to the protection of the meeting. Taylor v. State, 1 Ga. App. 539, 57 S. E. 1049; Adair v. State, 134 Ala. 183, 32 So. 326. A disturbance of a single member of a congregation assembled for religious worship is in contemplation of law a disturbance of the congregation. State v. Wright, 41 Ark. 410, 48 Am. Rep. 43; Walker v. State, 103 Ark. 336, 146 S. W. 862, Ann. Cas. 1914B, 739; 18 C. J., p. 1391, sec. 16c; 18 C. J., p. 1393, sec. 20, and notes.

Arrest without warrant on the state's evidence was authorized by section 864, Code 1930.

There was an issue of fact as to whether there was

such a disturbance and as to whether or not Willie Stovall assisted Jonah in making his escape from the officer. These were questions for the jury, which we do not feel at liberty to disturb.

2. The instructions given for the defendant were most favorable, and we find no reversible error in granting or refusing instructions.

Affirmed.