STATE of Arkansas *v.* Herbert KIMBROUGH & Phillip BRYANT

CR 78-171                                  578 S.W. 2d 26

Opinion delivered March 12, 1979
(Division II)

*Bill Clinton,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellant.

No brief for appellees.

DARRELL HICKMAN, Justice. The State appeals this criminal case, as it may by virtue of Ark. Stat. Ann. § 43-2720 (Repl. 1977), conceding that the appellees may not be retried on the charges. See *State* v. *Stringfellow,* 253 Ark. 390, 486 S.W. 2d 65 (1972).

Herbert Kimbrough and Phillip Bryant were convicted in the Little Rock Municipal Court of disrupting and disturbing the lawful assembly of the Liberty Hill Missionary Baptist Church in violation of Ark. Stat. Ann. § 41-2908 (Repl. 1977). Each was fined $50.00 and appealed to the circuit court.

During the circuit court trial, before the State finished examining the first witness, the judge dismissed the charges. This was done when the prosecuting attorney declined to offer further proof in view of the judge's ruling on points of law.

The judge made two rulings which are the subject of this appeal. First, he ruled that membership of these appellees in the church was relevant; their membership was a fact in issue, disputed by the parties. Next, he ruled that the church body would have to "exhaust the remedies" of the organization before these appellees could be charged.

We cannot say on this record whether the appellees were guilty as charged because the trial was not concluded. In any event, there was a confrontation between Kimbrough and Bryant and the pastor in the Liberty Hill Missionary Baptist Church during services which resulted in the charges. The pastor, John Miles, was called as the State's first witness and during his testimony it became an issue as to whether these appellees were, in fact, members of the organization. The attorney for the appellees made objections to the State's proceeding, arguing that before the State could prosecute these individuals for the charges, the organization must exhaust its remedies, that is, hold a hearing and expel the appellees from the church before they could be charged with criminal misconduct. The trial judge agreed. No doubt the judge was prompted to do this because the testimony of the pastor regarding the misconduct of the appellees was unimpressive to the trial judge at that point.

We find that the judge was in error in his rulings. First, membership in a church or organization is not necessarily the controlling factor as to whether a person has committed a crime at a meeting. Neither would a church or organization have to "exhaust the remedies" of the organization, that is, conduct a hearing and discharge a person, if a member, before the State could prosecute an individual for criminal misconduct. Either a member of a stranger can be guilty of unlawfully disrupting a lawful assembly.

Such charges for disorderly conduct are not unprece-

dented. In two cases we have reviewed charges for disorderly conduct in a church meeting. In both instances these charges were brought under a statute which was a predecessor to our present law. *State* v. *Wright*, 41 Ark. 410, 48 Am. Rep. 43 (1883); *Walker* v. *State*, 103 Ark. 336, 146 S.W. 862 (1912).

Our holding in no way affects the right of an individual or a member of any organization to participate in any way in an organization or to voice disapproval of an organization in any way during a meeting. It is simply that a member's conduct during church meetings or similar public meetings is not immune from prosecution if that conduct is criminal in nature. While caution should be exercised in bringing such charges against a member or a stranger accused of disrupting a public meeting, the fact remains that membership alone and the internal remedies of an organization are not, as a matter of law, determinative of one's guilt for criminal misconduct.

For the orderly administration of justice, we declare that error was committed.

Error declared.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.